Antonio **SANTASUCCI** et al.,
Plaintiffs-Appellants,

v.

Hugh **GALLEN** et al.,
Defendants-Appellees.

No. 79–1254.

United States Court of Appeals,
First Circuit.

Argued Sept. 14, 1979.

Decided Oct. 18, 1979.

Jan Richard Schlichtmann, Newburyport, Mass., with whom E. Douglas Bolick, Newburyport, Mass., was on brief, for plaintiffs, appellants.

John C. Boeckeler, Asst. Atty. Gen., Concord, N. H., with whom Thomas D. Rath, Atty. Gen., Concord, N. H., was on brief, for defendants, appellees.

R. Carl Anderson, Concord, N. H., with whom Sulloway, Hollis & Soden, Concord, N. H., was on brief, for defendants, appellees Public Service Company of New Hampshire and Properties, Inc.

Before KUNZIG, Judge, U. S. Court of Claims,* CAMPBELL, Circuit Judge, and DOOLING, District Judge.**

LEVIN H. CAMPBELL, Circuit Judge.

Appellants brought suit in the district court asserting a constitutional right to march and demonstrate on certain lands and ways in the town of Seabrook, New Hampshire. These form part of the construction site of a nuclear power facility being built by Public Service Company of New Hampshire (PSC), a private corporation. Appellants asked the district court for a declaration that the property in question had never validly been conveyed from the town to PSC, and for an injunction preventing state and town officials from interfering with appellants' asserted first amendment right to use the land, including a road, for peaceful demonstrations. Acting under the doctrine of abstention, the district court dismissed the action, indicating it felt the state law issues involved in ascertaining who owned the disputed site could best be decided in the state court. The district court also denied appellants' motion to certify the legal questions to the New Hampshire Supreme Court, ruling that the factual issues underlying the land claims ought to be determined at the trial court level.

We recognize that abstention by a federal court from the exercise of its proper jurisdiction "is the exception, not the rule." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). As *Colorado River* indicates, the doctrine of abstention has been confined to three narrowly defined types of cases. Although there is some truth to the district court's finding of similarities between the present case and each of the three strands of the abstention doctrine, we think the principle derived from *Railroad Commission of Texas v. Pullman Company*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), most closely fits this action. This principle, as summarized in *Harris County Commissioners Court v. Moore*, 420 U.S. 77, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975), states that "when a federal constitutional claim is premised on an unsettled question of state law, the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state-law question and thus avoid the possibility of unnecessarily deciding a constitutional question." *Id.* at 83, 95 S.Ct. at 875. *See also County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189, 79 S.Ct. 113, 3 L.Ed.2d 103 (1959); Field, *Abstention in Constitutional Cases: The Scope of the* Pullman *Abstention Doctrine*, 122 U.Pa.L.Rev. 1071 (1974).

---

* Sitting by designation.

** Of the Eastern District of New York, sitting by designation.

■ Here, appellants' claim turns entirely on the interpretation of state law. If conveyance of the lands in question to PSC was valid, so that the land is now private property, appellants can make no credible federal claim that they have a right to enter the site.[1] *See Lloyd Corp. v. Tanner*, 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131 (1972); *cf. Hudgens v. NLRB*, 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976). On the other hand, if the land is still owned by the town of Seabrook—which has issued a valid parade permit for appellants' demonstration—there would presumably be little doubt that PSC could not exclude appellants by invoking state trespass remedies. *See Hague v. CIO*, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939).

Appellants' claim that title to these lands never properly passed to PSC rests on a number of unsettled propositions of state law. Among these are the questions whether a prescriptive way can be discontinued by vote of the town without court approval, whether a vote of a "special" town meeting is adequate to approve the sale of tax-title property, and whether a "sale" of town land can occur without a transfer of cash. The district court concluded that these and other issues, raised by appellants to demonstrate that the land is public, implicated "points which the Court's review of New Hampshire law satisfies it are far from settled therein." We are persuaded that the district court was accurate in its perception, and the exercise of its discretion to abstain for an authoritative construction of state law was entirely justified.

While not essential to our decision, two other factors bolster our conclusion that the district court's decision to abstain was proper. First, the questions of state law raised here relate to subjects of special local concern: title to land and the validity of property conveyances by town authorities. Second, apart from other potential state remedies which undoubtedly exist, an ongoing action in the state Superior Court provides appellants with a ready forum for resolution of their claims. *See Harris County Commissioners, supra*, 420 U.S. at 83, 95 S.Ct. 870. The Superior Court, at the request of PSC, has issued an injunction prohibiting certain named individuals and other persons from conducting demonstrations on the construction site at Seabrook. Implicit in the Superior Court's order is the premise that the property in issue is properly owned by PSC's real estate subsidiary, Properties, Inc. The record reflects that permission has already been granted to one of the co-plaintiffs in the district court action to intervene in the Superior Court proceeding to raise these issues.

■ Finally, we think the district court's decision to refrain from ordering certification was reasonable. Underlying the many difficult legal issues relating to the land claims are a number of disputed factual issues.[2] The fact that appellants were unable, either before the district court or at oral argument, to formulate a concise set of legal questions for disposition by the Supreme Court of New Hampshire reinforces our conclusion that this case should proceed through the normal state court system for a resolution of the property questions, with the district court retaining jurisdiction to provide appropriate constitutional relief if the need arises.

*Affirmed.*

---

1. Appellants' claim to a federal common law right to traverse private property to reach the ocean is frivolous in the circumstances of this case. *Compare United States v. Harrison County*, 399 F.2d 485 (5th Cir. 1968), *cert. denied*, 397 U.S. 918, 90 S.Ct. 925, 25 L.Ed.2d 99 (1970).

2. We do not agree with appellants' assertion that the facts must be assessed as stated in the complaint. We do not accept this contention any more than we agree that the applicable New Hampshire law is clear or that the essential facts are uncontroverted.