GEORGE R. AND BOBBIE J. LOLLIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lollis v. Commissioner
Docket No. 11747-81.
United States Tax Court
T.C. Memo 1983-89; 1983 Tax Ct. Memo LEXIS 696; 45 T.C.M. (CCH) 732; T.C.M. (RIA) 83089; February 9, 1983. George R. Lollis, pro se. John S. Winkler and John F. Driscoll, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' 1979 Federal income tax in the amount of $1,816. After concessions, the sole issue for decision is whether, under section 162(a), [1] petitioners are entitled to deduct the cost of transportation for petitioner George R. Lollis between his residences and his jobsite. *697 FINDINGS OF FACT When they filed their petition in this case, petitioners George R. Lollis and Bobbie J. Lollis were legal residents of St. Cloud, Florida. They timely filed a joint Federal income tax return for 1979 with the Atlanta Service Center, Chamblee, Georgia. For most of 1979, petitioner George R. Lollis (petitioner) was employed by the Union Boiler Company (Union Boiler) at its Fort Pierce-Hutchinson Island jobsite (Fort Pierce), where Union Boiler was constructing a nuclear power plant for Florida Power and Light Company. Petitioner worked at Fort Pierce as a pipe welder, foreman, and general foreman. Petitioner began working for Union Boiler at the Fort Pierce jobsite on September 1, 1978, and continued working there until he left voluntarily on March 5, 1982. His work was interrupted in this 3-1/2 year period on two occasions: He was discharged for a 3-week period between April 17, 1979, and May 9, 1979, because of a strike and for an almost 3-month period from January 18, 1980, to April 14, 1980, because of work suspension for personnel safety and nuclear site security reasons. Union Boiler initially (on or before September 1, 1978) estimated that its construction *698 activities at Fort Pierce would extend until at least the end of 1982. It also expected that the tasks for which pipe welders (such as petitioner) were needed would extend throughout the construction. In fact, Union Boiler's employment of pipe welders at Fort Pierce expanded during 1978 and 1979. During petitioner's employment at Fort Pierce, his wife and children continued to reside at their house in St. Cloud, some 110 miles from the Fort Pierce jobsite. Petitioner also maintained a local residence in Fort Pierce. Petitioner deducted as ordinary and necessary business expenses certain costs incurred in traveling between these two residences and the Fort Pierce jobsite, which respondent has disallowed. OPINION Costs incurred in commuting between one's residence and place of business are, as a general rule, nondeductible, personal expenses. Commissioner v. Flowers,326 U.S. 465 (1946); sections 1.162-2(e) and 1.262-1(b)(5), Income Tax Regs. This rule is based on the assumption that a person will choose to live near his work place. If, for personal reasons, he chooses to live far from his place of employment, the costs of commuting to and from his place *699 of business are personal expenses, which cannot be deducted. Kasun v. United States,671 F.2d 1059 (7th Cir. 1982). A narrow exception to the general rule denying the deductibility of commuting expenses applies, however, when the taxpayer's employment is "temporary" and not "indefinite or indeterminate." This exception is based on the premise that, although a person will normally choose to live near his work, it is not reasonable to expect one to move to a distant location when a job is foreseeably of limited duration. In such circumstances, some transportation expenses, which would otherwise be regarded as nondeductible commuting expenses, may be considered to arise from the exigencies of business and not from the taxpayer's personal choice to live a distance from his work. Peurifoy v. Commissioner,358 U.S. 59 (1958), affg. per curiam 254 F.2d 483 (4th Cir. 1957), reversing 27 T.C. 149 (1956); Norwood v. Commissioner,66 T.C. 467, 469 (1976). Costs regarded as job related under this exception to the general rule may be deductible under sections 162(a) or 162(a)(2). [2]
*700 A job is temporary if it foreseeably will last for only a short period of time; on the other hand, employment is of indefinite duration when the prospect is that the work will continue for an indeterminate and substantially long period of time. [3]Boone v. United States,482 F.2d 417, 419 (5th Cir. 1973). Employment is temporary rather than indefinite if its termination is foreseeable within a short period of time. Boone v. United States,supra at 419-420, n. 4; Kasun v. United States,supra at 1061. The burden of proving that his employment was temporary rests with petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). It is stipulated that Union Boiler initially estimated that its construction activities would extend at least through 1982, more than 4 years from September 1, 1978, when petitioner *701 started work at the Fort Pierce jobsite. It was expected, moreover, that the need for workers with petitioner's pipe welding skills would extend throughout the construction period. And, in fact, petitioner did not leave Union Boilers' employment after beginning September 1, 1978 (with two brief exceptions) until he left voluntarily on March 5, 1982. We think that, in 1979, petitioner's employment with Union Boiler at Fort Pierce was expected to last for a substantially long period, and hence it does not qualify as temporary under the narrow court-made exception. Petitioner argues that his job was "temporary" because his work at Fort Pierce would certainly end with completion of the project, and that construction on a nuclear plant could be stopped at any time. While that may be true, [4] it only shows that the job was not a permanent one; in other words, its expected duration was indefinite. We reiterate that work is temporary in the narrow meaning here applicable only if it can be expected to and within a short period of time. Boone v. United States,supra at 419, n. 4; Kasun v. United States,supra at 1061. We do not here attempt to *702 define what is a short period of time but, on the facts before us, we cannot find that petitioner's job was a temporary one. [5]
*703 Petitioner relies on Frederick v. United States,603 F.2d 1292 (8th Cir. 1979) in which the court held that a carpenter's employment at a missile project site was temporary so that traveling expenses were deductible. In that case, however, unique circumstances made it likely that the taxpayer's employment, from any given time, would last only a short time longer. Frederick v. United States,supra at 1297. In Frederick, construction of the particular type of missile project was exceedingly controversial: Of the ten sites authorized, construction began on only two others and in both cases was cancelled shortly after it began. Moreover, the work was largely seasonal. Further, frequent layoffs occurred from which the particular workers would not automatically be hired back. Frederick v. United States,supra at 1296-1297. The combination of these factors made it likely, in the opinion of the Eighth Circuit, that the taxpayer's employment would be brief. Petitioner has shown no such combination of probable interruptions. It is true that he was discharged for 3 weeks in 1979 due to a strike.A brief work stoppage alone, *704 however, will not transform indefinite work into temporary work. Blatnick v. Commissioner,56 T.C. 1344, 1348 (1971); see Frederick v. United States,supra at 1296. There is no evidence here that frequent disruptions were so likely that petitioner could expect to work for only a short period. [6]
Because petitioner has not shown that his employment was reasonably expected to be of short duration, we must conclude that it was not temporary and hence the traveling expenses were not deductible. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted; all rule references are to the Tax Court's Rules of Practice and Procedure.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; It appears that petitioners' argument technically may fall partly under sec. 162(a) and partly under sec. 162(a)(2). His mileage included trips between his jobsite and his home in St. Cloud and trips between work and lodging in the Fort Pierce area. The latter trips were presumably day trips not requiring sleep or rest; accordingly they would not fall under the "away from home" rule of sec. 162(a)(2), and would be allowable only under sec. 162(a). See Boone v. United States,482 F.2d 417, 419↩, n. 2 (5th Cir. 1973) and cases cited. As the away from home test involves the same "temporary v. indefinite" analysis, this technical distinction does not affect the result and we treat the case as falling under sec. 162(a).
3. Employment which commences as temporary may become indefinite as it develops. Commissioner v. Peurifoy,254 F.2d 483, 486 (4th Cir. 1957), affd per curiam 358 U.S. 59 (1958); Boone v. United States,482 F.2d 417, 419↩, n. 4 (5th Cir. 1973).
4. As other courts have noted, work in the construction industry is, by its very nature, impermanent. See, e.g., Commissioner v. Peurifoy,254 F.2d 483, 486 (4th Cir. 1957), affd. 358 U.S. 59 (1958). It is, moreover, largely transient as workers move from site to site, often traveling substantial distances to find employment. The courts have not, however, recognized a construction-worker exception, allowing all such workers to deduct travel expenses. Rather, each case is judged on its own facts. Kasun v. United States,671 F.2d 1059, 1062↩ (7th Cir. 1982)
5. In these cases, the dichotomy is drawn between "temporary" and "indefinite," not between "temporary" and "life-time" or "long term." As stated, temporary work is restricted to that which can be expected to last for only a short period of time; indefinite work is all other work--that which is anticipated to last (or does last) for an indeterminite duration, for a rather long duration, or for any period of time other than a short↩ one. We recognize that, from the standpoint of the average construction worker, terms such as "temporary," "indefinite," "short period of time," and "substantial period of time" do not provide a rule of thumb on which he can rely with confidence, but the courts thus far have examined the facts and circumstances of each case and have not been able to develop a more precise test.
6. The 3-month stoppage of work in 1980 due to safety concerns likewise does not alter our conclusion. First, the year before us is 1979, not 1980. Second, petitioner has presented no evidence showing the likelihood of long term or recurring, frequent interruptions in his work.↩