Edward M. DAHOOD, Jr., Wilfred Masse; Diane Masse, George H. Senecal; Alice A. Senecal, Raymond M. Welch; Barbara A. Welch; Edward J. Young

v.

UNITED STATES of America.

Civ. Nos. 83–192–D, 83–193–D and 83–195–D to 83–197–D.

United States District Court, D. New Hampshire.

Feb. 7, 1984.

Aline H. Lotter, Manchester, N.H., for plaintiffs.

Bruce E. Kenna, Asst. U.S. Atty., Concord, N.H., Reba Raffaelli, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER

DEVINE, Chief Judge.

This consolidated quintet of tax refund cases [1] presents for resolution the frequently litigated issue of the deductability for federal income tax purposes of the expenses of travel between the taxpayer's residence and place of employment. At this stage of the proceedings, the Court has before it for decision the cross motions for summary judgment filed by the respective parties.[2]

Each of the named plaintiffs has, at times relevant to this litigation, been employed in the course of the ongoing construction of a nuclear power plant in Seabrook, New Hampshire. Plaintiffs Edward M. Dahood, Jr., Wilfred Masse,[3] George H.

---

1. Each of the named plaintiffs has followed the mandated refund procedures of 26 U.S.C. § 7422. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1346(a)(1).

2. Although oral argument has been requested, I find and rule that pursuant to Local Rule 11, such is not necessary as counsel have filed well-crafted legal memos and supporting documents

which sufficiently delineate the legal issues to be here resolved.

3. Plaintiff Masse filed a joint income tax return with his wife Diane; plaintiff Senecal filed such a joint return with his wife Alice; and plaintiff Welch similarly filed a joint return with his wife Barbara. For this reason these spouses have been named as plaintiffs in the instant litigation.

Senecal, and Edward J. Young are ironworkers and as such are members of Local 474 of the Ironworkers Union, which is the local union having jurisdiction over the Seabrook construction. Plaintiff Raymond M. Welch is a union plumber and as such is a member of Local 131 of the Plumbers Union, which is the local union with jurisdiction over the Seabrook construction. Although each plaintiff is a resident of New Hampshire, his residence is situated in a place other than Seabrook.[4] While employed at Seabrook, each plaintiff traveled daily from his residence to the job site and returned, subsequently seeking to deduct from his tax return for the years at issue[5] the amount of such travel expenses. The Internal Revenue Service ("IRS") has subsequently disallowed each such deduction and has assessed additional tax liabilities which have been paid by the respective plaintiffs.

The Internal Revenue Code of 1954 allows taxpayers to take various itemized deductions in reducing their gross income to taxable income. 26 U.S.C. § 161. The specific deductions here at issue are defined by 26 U.S.C. § 162(a) in the following language:

> There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.[6]

**4.** At times relevant to these proceedings, plaintiff Dahood resided in Auburn, New Hampshire, and plaintiffs Masse, Senecal, and Welch resided in Manchester, New Hampshire. Plaintiff Young's return listed his residence at Hampton Falls, New Hampshire, but it is unclear whether he actually resided there in light of the extent of claimed travel expenses.

**5.** With regard to the respective plaintiffs, the calendar tax years in question are 1978 for plaintiffs Dahood and Masse; 1979 for plaintiffs Senecal and Welch; and 1980 for plaintiff Young.

**6.** Subsection 2 of 26 U.S.C. § 162(a) contains specific reference to the deductability of traveling expenses incurred "while away from home in the pursuit of a trade or business". However, this section of the statute has been interpreted to exclude all trips which require neither sleep nor rest, regardless of the number of cities a trip may have touched, the number of miles covered, or the number of hours consumed.

■ Section 162(a) is to be read in conjunction with section 262 of the Code, 26 U.S.C. § 262, which disallows deductions for "personal, living or family expenses". It is the general rule that the expense of commuting between the residence of a taxpayer and the workplace comprises such a nondeductible personal expense pursuant to the provisions of section 262. *Fausner v. Commissioner of Internal Revenue*, 413 U.S. 838, 93 S.Ct. 2820, 37 L.Ed.2d 996 (1973); *McCabe v. Commissioner of Internal Revenue*, 688 F.2d 102 (2d Cir.), *cert. denied*, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982); *Neal v. Commissioner of Internal Revenue*, 681 F.2d 1157 (9th Cir.1982).[7] A judicial exception to this general rule has been established which excepts from application of the rule those cases wherein the taxpayer's proof[8] supports his claim that his employment was "temporary" rather than "indefinite" or "indeterminate" in nature. *Peurifoy v. Commissioner of Internal Revenue*, 358 U.S. 59, 60, 79 S.Ct. 104, 105, 3 L.Ed.2d 30 (1958).

■ To qualify as "temporary", the employment of the taxpayer must be that which is foreseeably for a short period of time or for a fixed duration. *Boone v. United States*, 482 F.2d 417, 419 (5th Cir. 1973). In contrast, employment is catego-

*United States v. Correll*, 389 U.S. 299, 302–03, 88 S.Ct. 445, 447, 19 L.Ed.2d 537 (1967). It is therefore not applicable to the claims of the instant plaintiffs who seek deductions merely for daily round trips between their residence and place of employment.

**7.** The applicable Treasury Regulations are to be found at 26 C.F.R. § 1.162–2(e) (commuters' fares not deductible business expenses) and 26 C.F.R. § 1.262–2(b)(5) (costs of commuting to place of employment are personal and not business expenses).

**8.** The burden of proving entitlement to deductions rests on the taxpayers, as IRS is under no burden to justify its disallowance of any claimed deductions. *Hanover Insurance Company v. Commissioner of Internal Revenue*, 598 F.2d 1211, 1219 (1st Cir.), *cert. denied*, 444 U.S. 915, 100 S.Ct. 229, 62 L.Ed.2d 169 (1979).

rized as "indefinite" or "indeterminate" when the prospect is that the work will continue for an indeterminate and substantially long period of time. *Id.; Neal v. Commissioner of Internal Revenue, supra, Kasun v. United States,* 671 F.2d 1059 (7th Cir.1982). And employment which was temporary at inception may become indefinite if it extends beyond the short term. *Kasun v. United States, supra,* 671 F.2d at 1061; *Boone v. United States, supra,* 482 F.2d at 419, n. 4. The determination of whether a job is "temporary" or "indefinite" presents a factual question which requires the Court to examine all of the circumstances of the case before reaching its conclusion. *Kasun v. United States, supra,* 671 F.2d at 1061 (and authorities therein cited).

■ At the outset the Court notes that plaintiffs suggest that construction workers whose employment conditions are such as to require they travel considerable distances daily from home to work and return should be in a special category such that the determination of whether their employment should be classified as "temporary" or "indefinite" need not be made. Sympathy for this suggestion has previously been set forth in the dissenting opinion in *Peurifoy v. Commissioner of Internal Revenue, supra,* 358 U.S. at 61–63, 79 S.Ct. at 105–107 (Justice Douglas, joined by Justices Black and Whitaker, dissenting), but it is not the prevailing and what I find to be the better-reasoned rule. *Groover v. Commissioner of Internal Revenue,* 714 F.2d 1103, 1105 (11th Cir.1983). Similarly, I find and rule that the appropriate test is not the reasonableness of the taxpayer's expectations regarding the potential duration of his work location but is that the circumstances are to be considered in light of the rules as set forth in the previously-cited decisions of *Neal v. Commissioner of Internal Revenue, supra; Kasun v. United States, supra;* and *Boone v. United States, supra.* I turn, therefore, to the relevant facts with regard to each individual plaintiff.

Plaintiff Dahood commenced work at Seabrook in late December of 1977, was laid off briefly in June and July of 1978 (for periods totalling five weeks), and has continued to work there at all relevant times. During the time he was laid off, he did not seek employment elsewhere through his local union.

Plaintiff Masse commenced working at Seabrook in October 1977, remained there until late November of 1977, returned there in early December of 1977, and worked there until July 21, 1978. For nine days (August 1 through August 16, 1978) he worked elsewhere in Newington, New Hampshire, and he returned to Seabrook on August 16, 1978, and continued there until at least May 30, 1980. During his tax year in question (1978), he was therefore employed at Seabrook for all but four weeks of that year.

Plaintiff Senecal commenced his work at Seabrook in the summer of 1978, and during his tax year at issue (1979), he was there employed for all but three weeks. He has continued employment to the present, and during his three-week layoff in 1979 he did not seek employment elsewhere.

Plaintiff Welch commenced employment at Seabrook in August of 1976, worked elsewhere during breakdowns and layoffs before 1979, but worked there for the full twelve months of the tax year at issue, 1979, and was still there employed as of midsummer 1981.

Plaintiff Young seeks a refund for the tax year 1980. From January 1 through January 27 of that year he was employed at Seabrook, and he voluntarily quit on the latter date to work for Dorel Steel for the period July 7 through September 13, 1980. He then again voluntarily quit with Dorel and returned to Seabrook to work from September 15 through December 31, 1980, and continued work until November of 1981, at which time he voluntarily left to go to Florida for two months.

■ The above-detailed factual outline makes clear that each of the named plain-

tiffs worked fairly regularly at Seabrook, a construction site which was within the jurisdiction of their local union, and that, despite the ongoing controversy over the construction of the nuclear power plant at Seabrook,[9] they expected, and in fact did, there find work which must be classified as "indefinite" rather than "temporary". As has been the result in the multitude of cases involving the disallowance of deductions for construction workers at nuclear power plant sites,[10] the fact that construction of a nuclear power plant site could be stopped at any time is insufficient to transform work which is "indefinite" into work that is "temporary". *Lollis v. Commissioner*, 45 T.C.M. (CCH) 732, 734 (1983). As the *Kasun* court has stated:

> As other courts have noted, work in the construction industry is, by its very nature, impermanent. *See, e.g., Commissioner v. Peurifoy*, 254 F.2d 483, 486 (4th Cir.1957), *aff'd*, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958). Workers move from job to job and often must seek employment at some distance from their homes. Courts have not, however, found that these characteristics distinguish construction work from other forms of employment. Rather than recognize a construction-work exception to § 262, courts must judge each case on its facts according to the 'temporary-indefinite' test.

*Kasun v. United States, supra*, 671 F.2d at 1062 (footnote omitted).

Upon due review of the facts herein presented and the legal arguments advanced by the respective parties, I find and rule that the travel expenses between the homes of each of these respective plaintiffs and their jobs at the Seabrook nuclear power plant site comprised nondeductible personal expenses and that they are not entitled to refunds of taxes as here sought.

---

**9.** The Court has had first-hand experience, both as trial counsel, *State v. Gross*, 117 N.H. 853, 379 A.2d 804 (1977), and as trial judge, *Santasucci v. Gallen*, 607 F.2d 527 (1st Cir.1979), with the continuing controversy over the construction of the Seabrook nuclear power plant.

**10.** *See Groover v. Commissioner of Internal Revenue, supra; Neal v. Commissioner of Internal*

Accordingly, the plaintiffs' motion for summary judgment must be denied, and the defendant's motion for summary judgment must be and it is herewith granted.

SO ORDERED.

---

*Revenue, supra; Kasun v. United States, supra; Van Horn v. Commissioner*, 47 T.C.M. (CCH) 380 (1983); *Nelson v. Commissioner*, 43 T.C.M. (CCH) 1054, 1056 (1982); *Vermillion v. Commissioner*, 43 T.C.M. (CCH) 1057, 1059 (1982); *Mann v. Commissioner*, 43 T.C.M. (CCH) 1089 (1982); *Payne v. Commissioner*, 43 T.C.M. (CCH) 1051, 1053 (1982).