MANUEL TAMARGO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tamargo v. Commissioner
Docket No. 20657-82.
United States Tax Court
T.C. Memo 1984-175; 1984 Tax Ct. Memo LEXIS 498; 47 T.C.M. (CCH) 1466; T.C.M. (RIA) 84175; April 5, 1984. *498 Held, T's deduction of commuting expenses is disallowed because his employment was not temporary. Held further, a travel allowance paid to T by one of his employers is includable in gross income. Held further, addition to tax for negligence is sustained. Manuel Tamargo, pro se. Stephen R. Takeuchi, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: Respondent determined a deficiency in petitioner's Federal income tax of $1,379.37 and an addition to tax of $68.96 under section 6653(a) [1] for the year 1979. The issues for decision are: (1) whether petitioner is entitled to deduct travel expenses attributable to *499 daily commuting between his residence and place of employment; (2) whether a travel allowance paid to petitioner by his employer is includable in gross income; and (3) whether petitioner is liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. All of the facts have been stipulated and are found accordingly.
Petitioner resided in Tampa, Florida, at the time his petition was filed in this case. Petitioner is an electrician and a member of Local 915 of the International Brotherhood of Electrical Workers. The following is a summary of petitioner's employment history during 1979: Period
Employer
Location
October 24, 1978-
Haines City Electric
I.M.C. Chemical Complex
August 6, 1979
Co., Inc.
Mulberry, Florida
August 15, 1979-
Stearns and Rogers
I.M.C. Chemical Complex
October 30, 1979
Electric Construction,
Mulberry, Florida
Inc.
November 5, 1979-
Matthews - McCraken
I.M.C. Chemical Complex
December 11, 1979
Rutland Corp.
Mulberry, Florida
*500 Petitioner worked for each of the above contractors with the understanding that the work would not be permanent in nature. He commuted daily from his home in Tampa to the jobsite at Mulberry, Florida, a roundtrip distance of approximately 80 miles. On his 1979 Federal income tax return, petitioner deducted $3,550.44 [2] as employee business expenses arising from the daily travel to and from his jobsites. Petitioner was referred to each of the contractors by his local union. The following letter was written by Samuel D. Marshall, Assistant Business Manager of the local union, on September 28, 1983: TO WHOM IT MAY CONCERN: This is to verify that Manuel Tamargo, SS# 265 08 9740, a member of this Local Union, worked for the following contractors. Mr. Tamargo was referred to work for each of these contractors by this Local Union with the understanding that the work would be of a temporary nature. A & A - 1/30/78 Haines City Electric - 10/24/78 *501 S & R - 8/15/79 MM & R - 11/5/79 Fischbach & Moore - 2/4/80 Sincerely, (s) Samuel D. Marshall Petitioner received a travel allowance in the amount of $493.50 from Haines City Electric Co., Inc. (Haines) in 1979. The travel allowance was not included on the 1979 Form W-2 issued to petitioner by Haines. Petitioner contends that the expenses incurred by him involve both travel to and from a worksite outside of his normal work area and work which was "temporary" in nature. Respondent contends that neither test was met. In addition, respondent argues that the travel allowance paid to petitioner by Haines is includable in petitioner's gross income. For the reasons set forth below, we agree with respondent. Section 262 provides that "no deduction shall be allowed for personal, living, or family expenses." In accordance with section 262, it is well settled that a taxpayer's expenditures for daily commuting between his home and place of employment are nondeductible personal expenses. Commissioner v. Flowers,326 U.S. 465 (1946). Respondent has, however, recognized an exception to this rule when the taxpayer's expenses are incurred in traveling to and from *502 a temporary job outside of his normal area of employment. McCallister v. Commissioner,70 T.C. 505 (1978); Norwood v. Commissioner,66 T.C. 467 (1976); Rev. Rul. 190, 1953-2 C.B. 303. Initially, we recognize that petitioner had an understanding that his employment for the various contractors would not be permanent in nature. The impermanence of construction work, however, does not resolve the issue of whether petitioner's employment was temporary. Peurifoy v. Commissioner,254 F.2d 483, 486 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958); Kasun v. United States,671 F.2d 1059, 1061 (7th Cir. 1982).
Temporary employment is employment that can be expected to last for only a short period of time. The employment must be temporary in contemplation at the time of its acceptance and not indeterminate in fact as it develops. McCallister v. Commissioner,supra at 509. Petitioner bears the burden of proving that his employment was temporary. Rule 142(a). The sole evidence offered by petitioner in support of his claim that he expected his employment to be temporary *503 is a letter dated September 28, 1983, from his local union through which he obtained his jobs. The letter states that petitioner was referred to work for each of the contractors with the understanding that the work would be of a temporary nature. Presumably, petitioner requested the letter (which was written four years after the taxable period at issue and one year after his petition was filed) from his union to support his position that his employment was temporary. As such, the letter is essentially a self-serving statement and is inadequate proof that petitioner believed that his employment would be temporary at the time he accepted the jobs.
Petitioner has not only failed to show that he expected to be temporarily employed, but in addition, a review of the facts reveals that his employment became indeterminate in fact as it developed. The substantial actual duration of a job indicates that the employment was indeterminate in fact. Norwood v. Commissioner,supra at 471. Petitioner was employed by three contractors at the I.M.C. Chemical Complex in Mulberry, Florida, for 15 consecutive months, a period of time which we find to be substantial. Petitioner *504 argues that we should consider the duration of each job assignment separately in determining whether he was employed for a substantial period of time, thus bringing his case within the favorable ambit of Rev. Rul. 60-189, 1960-1 C.B. 60. [3] In that revenue ruling the Internal Revenue Service announced that normally a question would not be raised concerning the temporary nature of an assignment at a particular location if both its anticipated and actual duration are for less than one year. We have previously held, however, that employment at one location on different assignments or for multiple contractors constitutes continuous employment. Norwood v. Commissioner,supra at 471; Smith v. Commissioner,33 T.C. 1059, 1062 (1960). Consequently, we hold that petitioner was not temporarily employed [4] and his deduction for travel expenses is denied. Respondent also asserts that section 61[5] requires petitioner to *505 include in gross income the travel allowance paid to him by Haines. Petitioner admits that the travel allowance was received and effectively concedes the issue of its taxability. On brief petitioner states that he "recognizes that Internal Revenue Code 61 explicitly provides that gross income includes 'all income from whatever source derived.'" However, the only reason he gives for failing to report the travel allowance on his 1979 return is that the amount was not included on the Form W-2 provided to him by the payor, Haines. The travel allowance is thus includable in petitioner's gross income. Finally, respondent determined that petitioner is liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations.Petitioner bears the burden with respect to proving that the addition to tax does not apply. Luman v. Commissioner,79 T.C. 846, 860 (1982); Bixby v. Commissioner,58 T.C. 757, 791 (1972). In this connection we can think of no plausible reason why petitioner *506 should have claimed a deduction for commuting expenses while at the same time failing to report as income the Haines reimbursement for part of the expenses deducted. Such attempted "double-dipping" justifies the imposition of the addition to tax for negligence under section 6653(a). Petitioner has offered no evidence regarding the addition to tax. Since he has failed to carry his burden of proof on this issue respondent's determination is sustained. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect for the year in question. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The deduction was computed by petitioner as follows: ↩
(a) Business mileage (18,160 miles)
$3,091.00
(b) Parking fees and tolls
80.00
(c) Business part of car interest
379.44
plus taxes
Total:
$3,550.44
3. Amplified by Rev. Rul. 83-82, 1983-1 C.B. 45↩. 4. Because we hold that petitioner's employment was not temporary, we need not decide whether he was employed outside of his normal area of employment.↩
5. Section 61↩ provides in pertinent part that "gross income means all income from whatever source derived."