Donald P. **KASUN** and Joyce J. **Kasun**, Plaintiffs-Appellants,

v.

**UNITED STATES of America,** Defendant-Appellee.

No. 81–1889.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1981.

Decided March 5, 1982.

Robert J. Jones, Arnold & Porter, Washington, D. C., for plaintiffs-appellants.

Steven Frahm, Tax Div./Dept. of Justice, Washington, D. C., for defendant-appellee.

Before SPRECHER, Circuit Judge, FAIRCHILD, Senior Circuit Judge, and ACKERMAN, District Judge.*

SPRECHER, Circuit Judge.

This is a suit for a refund of $1,042.46 in federal income taxes alleged to have been erroneously assessed against the taxpayer for the tax years 1972 and 1973. The district court granted summary judgment for the government, holding that the taxpayer was not entitled to deduct as ordinary and necessary business expenses his daily travel expenses incurred in commuting between his residence and his place of employment. We affirm.

I

The taxpayer, Donald P. Kasun,[1] is a heat and frost insulator who lives in Hales Corners, Wisconsin. He and his family have always lived in the Milwaukee area. Since 1947, Kasun has been a member of Local 19 of the International Association of Heat and Frost Insulation and Asbestos Workers, which is located in Milwaukee and has jurisdiction over the southern half of Wisconsin. Between 1947 and 1971, Kasun never worked outside the area of his local union. In late 1971, however, there were no jobs for heat and frost insulators within the jurisdiction of Local 19. From other union members, Kasun learned of work available at the construction site of a nuclear power plant at Zion, Illinois, within the jurisdiction of Chicago Local Union 17. He began working at Zion in November, 1971.

While he worked at the Zion site, Kasun was required to pay dues to Local 17 as well as to his home local, Local 19. In addition, a Local 19 bylaw required any member working outside the territory to return if local work became available. Failure to return was punishable by a fine and expulsion from the union.

All parties agree that Kasun intended to work at Zion only until he was able to obtain work within his local union's jurisdiction. When Kasun began work on the Zion project, however, he was not told by the employer how long the job would last, nor did he know when work would become available within the jurisdiction of Local 19. Kasun worked at Zion for twenty months, and then quit to take a job within his local union's jurisdiction.

During the period he worked at Zion, Kasun had to drive a 110-mile round-trip each day between his home and the construction site. He deducted the expenses so incurred on his tax returns for 1972 and 1973, claiming refunds for those years of $596.36 and $447.10, respectively. The

---

* Honorable J. Waldo Ackerman, District Judge for the Central District of Illinois, is sitting by designation.

1. Joyce J. Kasun is also a party to this suit because joint tax returns were filed.

Commissioner disallowed those claims, and Kasun brought suit for a refund. The district court granted the government's motion for summary judgment, holding that the taxpayer's daily expenses for traveling between his residence and his work place were nondeductible, personal commuting expenses.

## II

Section 162(a) of the Internal Revenue Code, 26 U.S.C. § 162(a), allows a taxpayer to deduct ordinary and necessary business expenses. Personal, living, or family expenses, however, are not deductible. 26 U.S.C. § 262. In *Commissioner v. Flowers,* 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946), the Supreme Court held that travel expenses are deductible under § 162(a) only if (1) the expense is reasonable and necessary, (2) the expense is incurred while away from home, and (3) the expense is incurred in the pursuit of business. *Id.* at 470, 66 S.Ct. at 252.

■ It is well-settled that the cost of daily commuting is a nondeductible, personal expense under § 262. *See, e.g., Commissioner v. Flowers,* 326 U.S. 465, 473, 66 S.Ct. 250, 253, 90 L.Ed. 203 (1946); *Boone v. United States,* 482 F.2d 417, 419 (5th Cir. 1973); *Sanders v. Commissioner,* 439 F.2d 296, 297 (9th Cir.), *cert. denied,* 404 U.S. 864, 92 S.Ct. 55, 30 L.Ed.2d 108 (1971). This is based on the assumption that a person will choose to live near the work place. If, for personal reasons, one chooses to live far from the place of employment, the resulting travel costs are nondeductible, personal expenses. For travel expenses to be deductible, " '[t]he job, not the taxpayer's pattern of living, must require the travel.' " *Commissioner v. Peurifoy,* 254 F.2d 483, 486 (4th Cir. 1957), *aff'd,* 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958) (quoting *Carragan v.*

*Commissioner,* 197 F.2d 246, 249 (2d Cir. 1952)).

■ An exception to the general rule against the deductibility of commuting expenses allows the taxpayer to deduct the cost of traveling to a job that is temporary, as opposed to indefinite, in duration. *See, e.g., Peurifoy v. Commissioner,* 358 U.S. 59, 60, 79 S.Ct. 104, 105, 3 L.Ed.2d 30 (1958); *Boone v. United States,* 482 F.2d 417, 419 (5th Cir. 1973); *Sanders v. Commissioner,* 439 F.2d 296, 298 (9th Cir.), *cert. denied,* 404 U.S. 864, 92 S.Ct. 55, 30 L.Ed.2d 108 (1971). While it is assumed that a person will live near the place of employment, it is not reasonable to expect people to move to a distant location when a job is foreseeably of limited duration. If, on the other hand, the prospect is that the work will continue for an indefinite or substantially long period of time, the travel expenses are not deductible.[2] *See Boone v. United States,* 482 F.2d 417, 419 (5th Cir. 1973).

Determination of whether a job is temporary or indefinite is a factual question. *Peurifoy v. Commissioner,* 358 U.S. 59, 61, 79 S.Ct. 104, 105, 3 L.Ed.2d 30 (1958). The court must examine all of the circumstances of the case before reaching its conclusion. *Frederick v. United States,* 603 F.2d 1292, 1296 (8th Cir. 1979). When reviewing the facts, the court must bear in mind that employment which was temporary may become indefinite if it extends beyond the short term. Also, employment which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time. *See Boone v. United States,* 482 F.2d 417, 419 n.4 (5th Cir. 1973).

The taxpayer here, however, has invited us to adopt a different view of the "temporary-indefinite" test than has been taken by most courts.[3] Kasun argues that, rather than focusing on the temporary or indefi-

---

**2.** The Commissioner has acquiesced in this exception to the general rule for commuting expenses and has recommended that one year be the cutoff point after which a job should no longer be considered temporary. REV. RUL. 60–189, 1960–1 C.B. 60, at 63.

**3.** Cases applying the "temporary-indefinite" test as it is set forth here include: *Peurifoy v.*

*Commissioner,* 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958), *aff'g,* 254 F.2d 483 (4th Cir. 1957); *Frederick v. United States,* 603 F.2d 1292 (8th Cir. 1979); *Boone v. United States,* 482 F.2d 417 (5th Cir. 1973); *Sanders v. Commissioner,* 439 F.2d 296 (9th Cir.), *cert. denied,* 404 U.S. 864, 92 S.Ct. 55, 30 L.Ed.2d 108 (1971).

nite nature of the job itself, we should consider whether, under the circumstances, it was reasonable to expect him to move closer to the job at Zion. *See* Appellant's Brief at 9. We decline to adopt this analysis. As the Eighth Circuit noted in rejecting a similar argument, the results of the "temporary-indefinite" test and of the "reasonableness" test frequently will be the same. *Frederick v. United States*, 603 F.2d 1292, 1295 (8th Cir. 1979). The "reasonableness" test, however, "improperly focuses attention on the taxpayer's particular living conditions." *Id.* As we noted above, it is the job, not the taxpayer's style of life, that is of critical importance.

With these considerations in mind, we turn to the district court's decision in this case.

### III

■ We find that the district court in this case correctly applied the "temporary-indefinite" test in denying the taxpayer a deduction for his travel expenses to and from the Zion project. *Kasun v. United States*, 510 F.Supp. 228 (E.D.Wis.1981). Indeed, we find it difficult to understand how Kasun's employment at Zion could be construed as anything but indefinite.

Construction of the nuclear power plant at Zion was expected to last for several years. Kasun was never informed that his job at the site was to be of limited or fixed duration. In fact, Kasun's employment at Zion lasted twenty months, and then it was ended only by his resignation. This lengthy period was well beyond the one-year limit recommended by the Commissioner as a guide in determining whether a job is temporary.[4] That Kasun intended to leave the Zion project whenever work became availa-

ble in the Milwaukee area does not make his Zion job temporary. Neither Kasun nor anyone else had any idea when there might be job openings for heat and frost insulators in the Milwaukee area. Absent any evidence to the contrary, we must assume that Kasun would have stayed on at the Zion project had no work turned up closer to his home. Given these facts, we must agree with the district court that Kasun's job at Zion was indefinite in duration, and therefore his travel expenses between home and work were nondeductible, personal expenses under § 262.

As other courts have noted, work in the construction industry is, by its very nature, impermanent. *See, e.g., Commissioner v. Peurifoy*, 254 F.2d 483, 486 (4th Cir. 1957), *aff'd*, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958). Workers move from job to job and often must seek employment at some distance from their homes. Courts have not, however, found that these characteristics distinguish construction work from other forms of employment. Rather than recognize a construction-work exception to § 262, courts must judge each case on its facts according to the "temporary-indefinite" test.[5]

We observe that there is no convincing way to distinguish the expenses involved in this case from those of ordinary suburban or exurban commuters. *Accord, Sanders v. Commissioner*, 439 F.2d 296, 299 (9th Cir.), *cert. denied*, 404 U.S. 864, 92 S.Ct. 55, 30 L.Ed.2d 108 (1971); *United States v. Tauferner*, 407 F.2d 243, 246 (10th Cir.), *cert. denied*, 396 U.S. 824, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969). As the Supreme Court has said, "[a]ny rule in this area must make some rather arbitrary distinctions." *United States v. Correll*, 389 U.S. 299, 303, 88 S.Ct.

---

4. *See* footnote 2 *supra*.

5. The taxpayer argues that his travel expenses are analogous to the deductible travel expenses of accountants or lawyers when they are involved in lengthy audits or trials in distant cities. We find this argument unconvincing. An important distinction is that accountants and lawyers ordinarily have base offices to which they commute, and those commuting expenses are not deductible. On the occasions when they must temporarily work at a distance

from the office, those travel expenses are deductible because of the temporary nature of the distant employment. Our decision does not discriminate against construction workers by denying them a deduction for necessary travel expenses. We merely refuse to create a special exception for their ordinary commuting expenses. Construction workers must pay taxes on their daily travel expenses to non-temporary employment just as any other taxpayer does—regardless of the distance of the commute.

445, 447, 19 L.Ed.2d 537 (1967). The "temporary-indefinite" test, arbitrary though it may seem, is the best method that has evolved for dealing with claims such as Kasun's.

 In any tax case, it is the responsibility of the taxpayer to place himself clearly within the bounds of the appropriate Code section relating to the deduction he is claiming. *United States v. Tauferner*, 407 F.2d 243, 245 (10th Cir.), *cert. denied*, 396 U.S. 824, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969). Taxpayer Kasun has not succeeded in establishing that these expenses are deductible under § 162(a). We hold, therefore, that his travel expenses between his home and his job at the Zion nuclear power plant site are nondeductible, personal expenses. The judgment of the district court is AFFIRMED.