**Billy J. NEAL and Judith A. Neal, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 81–7777.**

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 1982.

Decided July 20, 1982.

Harry P. Friedlander, Sternberg, Sternberg, Rubin & Schleier, Phoenix, Ariz., for appellants.

**1158**

Michael L. Paup, Jonathan Cohen, James F. Miller, Washington, D. C., for appellee.

Before WALLACE, KENNEDY and PREGERSON, Circuit Judges.

PER CURIAM:

The Neals appeal from a Tax Court decision upholding a determination by the Commissioner of Internal Revenue that taxpayer was not entitled to deduct transportation expenses, incurred in commuting by automobile between his personal residence and his place of employment, as business expenses under Section 162(a) of the Internal Revenue Code of 1954. The Tax Court had jurisdiction over this matter under Section 7442 of the Internal Revenue Code of 1954 and jurisdiction is conferred on this court by Section 7482.

Billy J. Neal[1] (taxpayer) was hired on March 14, 1977, by the Bechtel Power Corporation to work on the Palo Verde Nuclear Construction project near Buckeye, Arizona. Work on the project commenced in May 1977. The project was designed to be constructed in three separate units, expected to be completed by 1983, 1984, and 1985, respectively. Taxpayer worked continuously on the project as an ironworker and as a foreman for about twenty-six months, until May 1979, when he was terminated due to absenteeism. While taxpayer worked on the project he maintained his personal residence seventy-two miles away in Phoenix, Arizona. He traveled by automobile to the job site in the morning and returned home at the end of each day's work.

On his 1977 federal income tax return, taxpayer claimed a business expense deduction of $3,973 for the cost of commuting between the construction project and his home. The Commissioner disallowed the deduction and determined a deficiency of $933. Taxpayer then petitioned the Tax Court for redetermination of the deficiency.

That court held that taxpayer's employment at the construction site was not "temporary" and therefore his transportation costs were not deductible business expenses.

■ Section 162(a) of the Internal Revenue Code of 1954 allows a deduction for "all the ordinary and necessary expenses paid ... in carrying on a trade or business." *See, e.g., Sanders v. Commissioner*, 439 F.2d 296, 298 (9th Cir.), *cert. denied*, 404 U.S. 864, 92 S.Ct. 55, 30 L.Ed.2d 108 (1971). But the allowance of such a deduction for an individual taxpayer is "subject to the exceptions provided in ... [Section 261 *et seq.* of the Code]." Treas.Reg. § 1.161–1 (1954). A provision that must be read into every potential deduction is Section 262 of the Internal Revenue Code of 1954, which provides that "no deduction shall be allowed for personal, living or family expenses." The daily cost of traveling between taxpayer's residence and place of business (i.e., commuting expense) is such a non-deductible personal expense under Section 262. *Fausner v. Commissioner*, 413 U.S. 838, 93 S.Ct. 2820, 37 L.Ed.2d 996 (1973); *Commissioner v. Flowers*, 326 U.S. 465, 473, 66 S.Ct. 250, 253, 90 L.Ed. 203 (1946). An exception to this rule applies when taxpayer's employment is temporary. *Peurifoy v. Commissioner*, 358 U.S. 59, 60, 79 S.Ct. 104, 105, 3 L.Ed.2d 30 (1958); *Harvey v. Commissioner*, 283 F.2d 491, 494 (9th Cir. 1960). Employment is treated as temporary "if it is very likely that taxpayer's stay away from home will be short ...." *Harvey v. Commissioner*, 283 F.2d at 495.

■ The facts of this case are set forth in the Tax Court's opinion reported at ¶ 81,407 P–H Memo TC (1981). Based on those facts, we conclude that the Tax Court was not clearly erroneous when it determined that taxpayer failed to carry his burden of proving that his employment was temporary. *See Peurifoy v. Commissioner*, 358 U.S. at 60–61, 79 S.Ct. at 105.

---

1. Judith A. Neal is a party to this action by virtue of having filed a joint income tax return with her husband for the years in question.

The Seventh Circuit was recently confronted with an identical issue in *Kasun v. United States*, 671 F.2d 1059 (7th Cir. 1982). In affirming the Tax Court we adopt the well-reasoned opinion of the Seventh Circuit in *Kasun* as the law of this circuit.

AFFIRMED.