GARY R. HERMAN and IONE I. HERMAN, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Herman v. Commissioner
Docket No. 1892-81
United States Tax Court
T.C. Memo 1983-432; 1983 Tax Ct. Memo LEXIS 361; 46 T.C.M. (CCH) 846; T.C.M. (RIA) 83432; July 25, 1983. Gary R. Herman, pro se. Dennis L. Perez, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $1004 in the 1977 Federal income tax of petitioners Gary and Ione Herman. After concessions, the sole issue for our decision is whether petitioners are entitled to deduct $4,474 of expenses incurred in travelling between petitioner Gary Herman's residence and place of work. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated by this reference. Petitioners Gary and Ione Herman lived in Palmdale, California when the *362 return and petition in this case were filed. Gary Herman (petitioner) is a journeyman lineman and a member of the International Brotherhood of Electrical Workers Local Union No. 47 located in Whittier, California. On July 12, 1977, petitioner began working for the Bechtel Power Corporation on the construction of Units 2 and 3 at the San Onofre Nuclear Generating Station (SONGS) site near San Clemente, California. With the exception of one week in April 1980, Gary worked at SONGS steadily until October 14, 1981. Petitioner got his job at SONGS by signing Book 4 of Local Union No. 569 in San Diego when he was unable to find work through his own local. Within a particular job classification, Book 1 workers are members of the local union, Book 2 is for members of locals in the general area, and Book 3 is for members from across the country. Book 4 is signed by union members who technically have a different job classification but are nonetheless qualified to perform certain tasks. [1] Petitioner believed that as a Book 4 he would be among the first workers to be laid off should there be any reductions in force at SONGS. However, pursuant to Bechtel's labor policies, job performance *363 was the main criterion used in making layoffs. [2]
The San Onofre site is some 147 miles from the Hermans' residence in Palmdale. While working for Bechtel petitioner lived in San Clemente during the week and travelled home to Palmdale on weekends. On his 1977 income tax return petitioner deducted $4,474 for travel expenses incurred while he was working at the SONGS site. Respondent disallowed the deduction. OPINION The sole issue *364 for our decision is whether petitioner may deduct these travel expenses. Section 162(a)(2) [3] allows taxpayers to deduct expenses incurred while away from home in pursuit of a trade or business. The taxpayer must show that the expenses are (a) ordinary and necessary; (b) incurred in the pursuit of a trade or business; and (c) incurred while away from home. Commissioner v. Flowers,326 U.S. 465 (1946). Our task here is to determine whether petitioner Gary Herman was away from home as that term is used in section 162(a)(2). Generally one's home for tax purposes is one's place of *365 business, Mitchell v. Commissioner,74 T.C. 578, 581 (1980), and this rule holds even for work of indefinite duration. Peurifoy v. Commissioner,358 U.S. 59 (1958). Only if a job is temporary are travel expenses deductible. Peurifoy v. Commissioner,supra;Neal v. Commissioner,681 F.2d 1157 (9th Cir. 1982); Kasun v. United States,671 F.2d 1059 (7th Cir. 1982). The question, then, is factual: was Gary Herman's job at San Onofre temporary or indefinite? Petitioner contends that his job was temporary because he had lowest priority among the union workers employed by Bechtel and thus was likely to be laid off at any time. There are two problems with his argument. First, a Bechtel spokesman explained that job performance is the main criterion in determining what workers are laid off. Thus whether petitioner signed Book 1 or Book 4 should be of little significance. Second, and more importantly, cases have held that "employment which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time." Kasun v. United States,supra, at 1061; *366 [4]McCallister v. Commissioner,70 T.C. 505 (1978). Thus while petitioner's job was not permanent, and even though he may have had the lowest priority among union workers, it is clear that his job was not temporary within the meaning of the law. Petitioner's belief that he could be laid off at any time undoubtedly played a part in his decision not to move his wife and 8 children to San Clemente, and led to the expenses in question. But this subjective belief is insufficient to carry petitioner's burden of proving that his employment was temporary. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). Petitioner has presented a compelling case. Petitioner, like many workers similarly situated, had a job of indefinite duration, and he worked at this job for around 4 years. This period is well beyond that allowed by the applicable rules which have now been applied in *367 literally thousands of cases. Due to concessions, Decision will be entered under Rule 155.
Footnotes
1. In the instant case, petitioner was classified as a journeyman lineman but had signed the books for work as a journeyman electrician. Journeymen electricians actually work with the transformers and electrical units, while linemen usually construct towers and poles, put up wires, etc. At San Onofre petitioner worked as a journeyman wireman-welder; because this was not his classification he was theoretically less skilled than others who were so classified. ↩
2. Bechtel's labor relations' representative, Mr. Reginald Phelps, was unable to testify at trial. A transcript of his testimony in another case involving the San Onofre plant ( Portillo v. Commissioner,T.C. Memo. 1982-518↩) was admitted into evidence without objection.
3. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. Section 162(a)(2): SEC. 162. TRADE OR BUSINESS EXPENSES. (a) IN GENERAL.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *.↩
4. In Neal v. Commissioner,681 F.2d 1157, at 1159 (9th Cir. 1982), the Ninth Circuit explicitly adopted the reasoning of the Seventh Circuit in Kasun v. United States,671 F.2d 1059↩ (7th Cir. 1982).