STUART E. WHITE and MARIE WHITE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
White v. Commissioner
Docket Nos. 2043-82, 4617-83
United States Tax Court
T.C. Memo 1984-128; 1984 Tax Ct. Memo LEXIS 548; 47 T.C.M. (CCH) 1278; T.C.M. (RIA) 84128; March 14, 1984. Harry P. Friedlander, for the petitioners. James J. Everett, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies of $865 and $1,215 in petitioners' Federal income taxes for 1979 and 1980, respectively. The deficiency for 1980 resulted in part from disallowance of a portion of a claimed child care credit. Petitioners have not presented any evidence or argument with respect to that adjustment, and respondent's determination is therefore sustained as to that item. Rule 142(a), Tax Court Rules of Practice and Procedure. The balance of the deficiencies resulted from disallowance of claimed employee *549 business expenses of Stuart E. White (petitioner) attributable to his commuting between his residence and his place of employment at the Palo Verde Nuclear Generating Station. FINDINGS OF FACT All of the facts have been stipulated, and the stipulation is incorporated herein by this reference. Petitioners resided in Phoenix, Arizona, at the time their petitions herein were filed. They filed individual income tax returns for 1979 and 1980 with the Internal Revenue Service Center at Ogden, Utah. Petitioner Stuart E. White is an ironworker by trade and a member of Union Local #75. On January 26, 1978, Union Local #75 assigned petitioner to work for Bechtel Power Corporation at the Palo Verde Nuclear Generating Station near Buckeye, Arizona. Petitioner's employment at the Palo Verde Nuclear Generating Station continued until February 23, 1982. During the period of his employment, petitioner commuted from his home in Phoenix, Arizona, to the Palo Verde Nuclear Generating Station. Construction work on the Palo Verde project commenced in May 1976. The project was one of the largest in the United States and involved the construction of a three-unit nuclear generating facility *550 that would produce electric power for the Arizona Nuclear Power Project. The facility was designed to be constructed in three separate units with each unit containing approximately 10 buildings. At the initiation of the construction, the units were expected to be completed by 1983, 1984, and 1985, respectively. As of August 31, 1980, the overall project was 49.9 percent complete. As of October 1980, the anticipated completion date for the third unit had been extended to 1986.[1]
OPINION A taxpayer cannot deduct the expenses of traveling to or living at his place of employment unless the traveling is required by the circumstances of his employment rather than by his "personal conveniences and necessities." Commissioner v. Flowers,326 U.S. 465, 474 (1946); sections 1.162-2(e) and 1.262-1(b)(5), Income Tax Regs. "If, *551 for personal reasons, one chooses to live far from the place of employment, the resulting travel costs are nondeductible, personal expenses." Kasun v. United States,671 F.2d 1059, 1061 (7th Cir. 1982). In some circumstances, the courts have recognized a narrow exception to the general rule denying deductibility of travel expenses.This exception applies when the taxpayer's employment is "temporary" and not "indefinite or indeterminate." Peurifoy v. Commissioner,358 U.S. 59 (1958), affg. per curiam 254 F.2d 483 (4th Cir. 1957), revg. 27 T.C. 149 (1956); Tucker v. Commissioner,55 T.C. 783 (1971). If the exception applies, job related travel and living expenses may be deductible under sections 162(a) or 162(a)(2). [2]
*552 Petitioners seek to have us apply a "reasonableness" test that, according to the Seventh Circuit Court of Appeals in Kasun v. United States,supra, "improperly focuses attention" on the taxpayer's style of lift. 671 F.2d at 1062. The opinion of the Seventh Circuit in the Kasun case has been adopted by the Ninth Circuit Court of Appeals, to which this case is appealable. Neal v. Commissioner,681 F.2d 1157 (9th Cir. 1982), affg. a Memorandum Opinion of this Court. See also Frederick v. United States,603 F.2d 1292 (8th Cir. 1979). For the purposes with which we are concerned, work is temporary only if it can be expected to end within a short period of time. If it merely lacks permanence, it is "indefinite," and expenses relating to traveling to or living at the jobsite are not deductible. Even if a job is temporary at the time it is accepted, developments may show that it has become indefinite. See Boone v. United States,482 F.2d 417, 419-420, n. 4 (5th Cir. 1973); Kasun v. United States,supra;McCallister v. Commissioner,70 T.C. 505, 509 (1978). *553 Looking at the circumstances of petitioner's employment in this case, we conclude that it was indefinite. The claimed travel expenses, therefore, cannot be allowed. Decisions will be entered for the respondent.
Footnotes
1. The parties have incorporated into the record in this case by stipulation testimony given in the case of Neal v. Commissioner,T.C. Memo. 1981-407, affd. 681 F.2d 1157↩ (9th Cir. 1982). Petitioners have not, however, presented any evidence with respect to the specific work performed by petitioner in this case.
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. Sec. 162(a) provides, in part, as follows: (a) In General.--There shall be allowed as a deduction all the ordinarly and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *.↩