CAROLYN A. AND OAKLEY B. HILL, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket No. 39777-84.
United States Tax Court
T.C. Memo 1986-234; 1986 Tax Ct. Memo LEXIS 376; 51 T.C.M. (CCH) 1157; T.C.M. (RIA) 86234; June 9, 1986. Oakley B. Hill, pro se. Howard P. Levine, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7456(d)(3) of the Internal Revenue Code of 1954 and Rules 180, 181, and 182 of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined *377 a deficiency in petitioners' Federal income tax for 1981 in the amount of $2,229. Petitioners have conceded the interest expense adjustment. The remaining issue is whether petitioners are entitled to a deduction in 1981 under section 162(a) for automobile expenses (based on mileage) in the amount of $3,796.40. Petitioners were residents of Crossville, Tennessee at the time the petition herein was filed. Petitioner Oakley B. Hill, a steamfitter, was employed by the Tennessee Valley Authority at the Watts Bar Nuclear Plant from May 1, 1972 to January 14, 1977 with periodic interruptions of work. He was again employed at the Watts Bar Nuclear Plant on August 4, 1980 and remained on the job at the plant until June 1985 when he retired after his second heart attack. [2] Petitioner claimed a deduction in 1981 for automobile expenses (based on mileage) in the amount of $3,796.40 incurred in traveling to the job site at the Watts Bar Nuclear Plant. Respondent disallowed the deduction. Generally, the expenditures incurred by a taxpayer for daily commuting are nondeductible personal expenses. Section 262. However, under an *378 exception to this rule, a taxpayer may deduct transportation expenses associated with employment which is temporary (rather than indefinite) in duration. Peurifoy v. Commissioner,358 U.S. 59 (1958). Employment is temporary if it is expected to terminate within a relatively short period of time and such termination is foreseeable. Stricker v. Commissioner,54 T.C. 355 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). The determination of whether a job is temporary or indefinite in nature is a factual question. Kasun v. United States,671 F.2d 1059, 1061 (7th Cir. 1982). Petitioner has the burden of proof. Rule 142(a). It fairly appears on this record that petitioner's employment at the Watts Bar Nuclear Plant in 1981 was not temporary but, instead, was indefinite. He remained on the job nearly five years after he returned to the Watts Bar Nuclear Plant in August 1980 and left his job in June 1985 because of health problems. There was a considerable work force engaged on the project in 1981 and it was anticipated by management that the demand for skilled workers in petitioner's craft would continue for a considerable *379 period of time. There were no factors present in 1981 that would support a reasonable inference of short-term employment at the Watts Bar Nuclear Plant. We find no merit in petitioner's argument that 1980 and 1981 was a "probation period more or less" because, in the event of a lay-off, employees with less than a year of employment would be the first to go. In view of the evident demand for steamfitters at this particular time it was unlikely that general dismissals for members in that craft would be initiated. In any event, it is clear that petitioner's argument underscores the impermanence of his job during the first year (i.e., the so-called "probationary period"). However, the impermanence of a job does not by itself make the job a temporary one. Kennedy v. Commissioner,451 F.2d 1023 (3d Cir. 1971), affg. per curiam a Memorandum Opinion of this Court; Garlock v. Commissioner,34 T.C. 611, 616 (1960). We must conclude on this record that petitioner's employment at the Watts Bar Nuclear Plant site in 1981 was not temporary and, therefore, petitioner is not entitled to deduct his transportation expenses incurred with respect to his employment *380 at the project. Respondent is sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner's first heart attack occurred in 1982.↩