CHARLES PATRICK AND TONJA MICHELLE FLIPPEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Flippen v. Commissioner
Docket No. 13731-85.
United States Tax Court
T.C. Memo 1986-235; 1986 Tax Ct. Memo LEXIS 377; 51 T.C.M. (CCH) 1158; T.C.M. (RIA) 86235; June 9, 1986. Charles Patrick Flippen, pro se. Howard P. Levine, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7456(d)(3) of the Internal Revenue Code of 1954 and Rules 180, 181 and 182 of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined deficiencies in petitioners' Federal income taxes for the years 1981 and 1982 in the amounts of $1,261 and $1,277, respectively. The issue is whether petitioners are entitled to a deduction under sectin 162(a) for certain automobile expenses *378 (based on mileage) incurred in the years 1981 and 1982. The stipulated facts are incorporated herein by this reference. Petitioners were residents of Chattanooga, Tennessee at the time the petition herein was filed. Petitioner Charles P. Flippen was employed by the Tennessee Valley Authority (TVA) as an apprentice steamfitter at the Sequoiah Nuclear Plant in the vicinity of Chattanooga, Tennessee from February 20, 1979 to May 29, 1981. In order to become a journeyman under the TVA-sponsored apparenticeship program, petitioner was required to complete 8,000 hours of on-the-job training and 576 hours of related classroom training. On May 28, 1981 petitioner voluntarily resigned from his position at the Sequoiah Nuclear Plant in order to accept employment with the Tennessee Valley Authority at the Watts Bar Nuclear Plant near Spring City, Tennessee. Petitioner was then employed by the Tennessee Valley Authority at the Watts Bar Nuclear Plant from June 2, 1981 through February 14, 1984. Petitioner completed his steamfitter apprenticeship at the Watts Bar Nuclear Plant on November 19, 1982 and thereafter assumed the duties of a steamfitter-welder at the plant. On February 14, 1984 petitioner *379 voluntarily resigned from his job at the Watts Bar Nuclear Plant after receiving official notification of a contemplated reduction in force at the plant and on February 21, 1984 he was reemployed by the Tennessee Valley Authority at the Sequiah Nuclear Plant as a steamfitter-welder. Petitioner claimed deductions for automobile expenses (based on mileage) incurred in traveling to the Watts Bar Nuclear Plant job site in 1981 and 1982 in the respective amounts of $3,263 and $4,629 which were disallowed by respondent. Expenditures for daily commuting are generally nondeductible personal expenses. Section 262. An exception to this rule allows a taxpayer to deduct transportation expenses associated with employment which is temporary (rather than indefinite) in duration. Peurifoy v. Commissioner,358 U.S. 59 (1958). Employment is temporary if it is expected to terminate within a relatively short period of time and such termination is foreseeable. Stricker v. Commissioner,54 T.C. 355 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). The determination of whether a job is temporary or indefinite in nature is a factual question. Kasun v. United States,671 F.2d 1059, 1061 (7th Cir. 1982). *380 Petitioner has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Here, petitioner worked at the Watts Bar Nuclear Plant job site from June 2, 1981 through February 14, 1984. In 1981 the construction work at the job site had reached a stage requiring a steady need for steamfitters. We cannot agree with petitioner's argument that his job at the Watts Bar Nuclear Plant site was temporary because he only had some 3,000 hours left to complete his apprenticeship training when he started his employment there in June 1981. The record shows that upon completion of his apprenticeship training he simply assumed the status and duties of a steamfitter-welder and continued his employment until February 1984. His continued employment at the project was not geared to the apprenticeship program. Petitioner's testimony that he was aware of past instances where no vacancies were available to apprentices upon completion of their training program merely underscores the inherent uncertainties of employment in the construction field. It clearly appears on this record that petitioner did not know how long his job would last. Impermanence by itself does not *381 make the job a temporary one. Kennedy v. Commissioner,451 F.2d 1023 (3d Cir. 1971), affg. per curiam a Memorandum Opinion of this Court. We must conclude on this record that petitioner's employment at the Watts Bar Nuclear Plant in 1981 and 1982 was not temporary and, therefore, petitioner is not entitled to deduct his transportation expenses incurred with respect to his employment at the project. [2] Respondent is sustained.
Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We have considered the case of Norwood v. Commissioner,66 T.C. 467↩ (1976), which petitioner has called to our attention, and we believe that said case is factually distinguishable.