ROBERT W. McCARTIN AND KATHRYN McCARTIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCartin v. Commissioner
Docket No. 31969-84.
United States Tax Court
T.C. Memo 1987-159; 1987 Tax Ct. Memo LEXIS 151; 53 T.C.M. (CCH) 432; T.C.M. (RIA) 87159; March 24, 1987. Richard W. Husted, for the petitioners. John J. Comeau, for the respondent. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) (redesignated as section 7443A(b) by section 1556 of the Tax Reform Act *152 of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. [1] Respondent determined deficiencies in petitioners' Federal income taxes for 1981 and 1982 in the amounts of $1,837.00 and $1,582.68, respectively. The issues for decision are: (1) whether petitioner is entitled to deduct expenses incurred while traveling between his residence and place of work under section 162, and (2) whether petitioner is entitled to deduct certain expenses as educational expenses under section 162. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and related exhibits are incorporated herein by reference. Petitioners resided in Dundee, Illinois, when their petition was filed. From January 7, 1981, through January 23, 1983, petitioner Robert W. McCartin was employed by Philips Getschow Company (Philips) as an apprentice pipefitter to work on modifications needed at the Zion Nuclear Power Plant located in Zion, Illinois. During *153 this period, petitioner and Philips did not enter into a written or verbal employment agreement. Petitioner was not given assurance by the union coordinator, apprentice coordinator or representative of Philips as to how long his employment with Philips would last. The union agreement, under which petitioner was employed at the Zion plant, entitled him to travel pay at the rate of $2.00 per day for every day he worked. During 1981, petitioner received $486.00 in travel pay and reported this amount as income on his 1981 Federal income tax return. During 1982, petitioner received $484.00 in travel pay and reported this amount on his 1982 Federal income tax return. During 1981, petitioner resided with his parents in Dundee, Illinois. On October 9, 1982, petitioner married and thereafter resided with his wife at her home in Elgin, Illinois. Petitioner's parents' home was less than 55 miles from the Zion plant and petitioner's wife's home was less than 60 miles from the Zion plant. On his 1981 and 1982 Federal income tax return, petitioner deducted travel expenses of $4,832.50 and $3,330.00, respectively. These deductions were disallowed by respondent. In 1979, two years after *154 graduating from high school, petitioner was accepted into the pipefitters apprenticeship program. This program consisted of four years of training on the job and at an educational facility. As a condition of employment, the union contract required petitioner to complete the apprenticeship program. Petitioner did not have to pay any tuition for the training classes. Petitioner completed his training program in June 1982. Petitioner deducted educational expenses in the amount of $708.00 and $728.00 for the years 1981 and 1982, respectively. These deductions represent the costs incurred by petitioner for transportation between either his residence in Dundee, Illinois, or the Zion plant and the pipefitters welding school located in Chicago, Illinois These deductions also were disallowed by respondent. OPINION Petitioner argues that his daily round-trip transportation expenses are deductible under section 162 [2] because his employment at the Zion plant was temporary. Since we agree with respondent that petitioner's employment was indefinite, we find it unnecessary to reach respondent's alternative arguments and will limit our discussion to the "temporary" versus "indefinite" *155 issue. The cost of daily commuting to and from work is a nondeductible personal expense. Section 262; Commissioner v. Flowers,326 U.S. 465 (1946). An exception to the general rule against the deductibility of commuting expenses allows a taxpayer to deduct the cost of traveling to a job that is temporary, as opposed to indefinite, in nature. Peurifoy v. Commissioner,358 U.S. 59 (1958); Kasun v. United States,671 F.2d 1059 (7th Cir. 1982). *156 As the Seventh Circuit, to which an appeal from this case would lie, explained in Kasun v. United States,supra, it is not reasonable to expect a person to move to a distant location when a job is foreseeably of limited duration. This Court similarly considers a job to be temporary if it is expected to last for only a short period of time. McCallister v. Commissioner,70 T.C. 505 (1978); Tucker v. Commissioner,55 T.C. 783 (1971). On the other hand, if the job will continue for an indefinite or substantially long period of time, the travel expenses are not deductible. Kasun v. United States,supra;McCallister v. Commissioner,supra;Tucker v. Commissioner,supra.Determination of whether a job is temporary or indefinite is a factual question. Kasun v. United States,supra.
Under the views of this Court and the Seventh Circuit, we find that petitioner's employment at the Zion plant was indefinite. No representations were made to petitioner with regard to the length of his employment. Petitioner conceded that he had no idea how long he would *157 be employed. Even though petitioner may have had no assurance of how long his job would last, that fact is not determinative of whether his employment was temporary. McCallister v. Commissioner,supra.The absence of permanence does not require a finding that petitioner's job was temporary. Garlock v. Commissioner,34 T.C. 611 (1960). An "employment which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time." Kasun v. United States,supra at 1061. It is clear during the years in issue that there was an extensive amount of work to be done at the Zion plant. Petitioner admitted that while he was employed with Philips, Philips was obtaining additional work contracts. In fact, petitioner worked at the Zion plant for over 24 months until he voluntarily terminated his employment. Absent any evidence to the contrary, we must assume petitioner would have stayed on his job at the Zion plant if he had not voluntarily quit. Accordingly, respondent is sustained on this issue. We must next determine whether petitioner's costs of traveling to the pipefitting school from his residence *158 or job are deductible as education expenses under 162. Petitioner argues that he was required to take educational training under the union contract and therefore is entitled to deduct the cost of related travel. Respondent's position is that, aside from all else, deduction for these expenses is precluded by the disallowance provisions of section 1.162-5(b)(2) and (3), Income Tax Regs.
Generally, educational expenses that maintain or improve skills required by an individual in his or her employment or other trade or business or that meet the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention of an established employment relationship, status or rate of compensation, are deductible under section 162. Section 1.162-5(a), Income Tax Regs. But no deduction will be allowed if the education also constitutes a minimum education requirement for the taxpayer's employment or if the education is part of a program leading to qualification for a new trade or business. Section 1.162-5(b)(2) and (3), Income Tax Regs.; Garwood v. Commissioner,62 T.C. 699 (1974). Respondent contends *159 that the apprenticeship training classes, which petitioner attended during 1981-1982, were minimum educational requirements for qualification in petitioner's employment as an apprentice pipefitter. We agree. The union contract required petitioner to take educational training classes as well as "on the job" training as an apprentice. We also agree with respondent that the education acquired by petitioner from the apprenticeship training program qualified petitioner for a new trade or business. We use a commonsense approach to determine whether education qualifies a petitioner for a new trade or business. Davis v. Commissioner,65 T.C. 1014 (1976). Petitioner admitted that at the time he began the program he was not a pipefitter and had no skills or trades. After completing the program, petitioner had acquired the skills and trade of a pipefitter. Respondent's determination is sustained on this issue. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in question, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 162 provides in pertinent part: (a) IN GENERAL. -- There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * (2) traveling expenses * * * while away from home in the pursuit of a trade or business * * *. The deduction for the one-day round trips in this case necessarily would be under section 162(a) and not under section 162(a)(2) since petitioner could not meet the "away from home" requirement because he did not stay overnight at the Zion plant. United States v. Correll,389 U.S. 299 (1967); Boone v. United States,482 F.2d 417, 419↩ n.2 (5th Cir. 1973).