Harry F. ANDERSON, Plaintiff,

v.

INTERNAL REVENUE SERVICE, Defendant.

No. 4:05CV99.

United States District Court, E.D. Texas, Sherman Division.

May 18, 2006.

Michael Richard Pahl, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT

CLARK, District Judge.

Before the court is Defendant United States Internal Revenue Service's ("IRS") Motion for Summary Judgment [Doc. No. 24]. The Court finds it necessary to address the motion practice of the parties in this case. In addition to the insufficient Declaration of Michael Pahl, the IRS also submitted a poorly organized motion for summary judgment. Parties seeking relief from this Court should not haphazardly attach evidence to their pleadings with the expectation that the Court will sort through it. On the other hand, Anderson failed to comply with more than one local rule of this district in filing his response. Local Rule CV–56 (d) provides that:

> "proper summary judgment evidence" means **excerpted** copies of pleadings, depositions, answers to interrogatories, admissions, affidavits, and other admissible evidence cited in the motion for summary judgment or the response thereto. The phrase "appropriate citations" means that any excerpted evidentiary materials that are attached to the motion or the response should be referred to by page and, if possible, by line. Counsel are **strongly encouraged** to highlight or underline the cited portion of any attached evidentiary materials .... **Only relevant, cited-to excerpts,** of evidentiary materials should be attached to the motion or response.

(emphasis added). Anderson attached copies of depositions in their entirety as evidence and failed to highlight or underline the relevant portions of the deposi-

William A. Roberts, The Roberts Law Firm, Dallas, TX, for Plaintiff.

tions. Further, Local Rule CV–5(a)(9) provides that "[i]f a document to be filed electronically exceeds five pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to the presiding judge's chambers." Anderson failed to comply with this rule, and ultimately only sent a paper copy to the judge's chambers less than three weeks before the Final Pretrial Conference after having been contacted by the chambers administrator regarding the failure. The Court finds the motion practice of both parties in this case to be below the expectations for practitioners before United States District Courts in the Eastern District of Texas. Normally such submissions would have been rejected and the case would have proceeded to trial. However, given the small amount in controversy, the court took the time to review the motion and response.

## Background

On April 10, 2003, the United States sued Daniel Gleason, the CEO of the Tax Toolbox, Inc. Gleason and the Tax Toolbox, Inc. marketed the "Tax Toolbox," a compilation of materials, which provides information regarding enormous business deductions that can purportedly be derived from a home-based business. The United States sought to enjoin Gleason, who claimed to be an attorney and an expert in tax law, from selling the Tax Toolbox. On February 23, 2004, the United States District Court for the Middle District of Tennessee entered a permanent injunction against Gleason in which the court found that Gleason had repeatedly falsified his credentials that he was an attorney, an enrolled agent with the IRS, an Adjunct Professor of Business Law and Federal Taxation, an author, an editor or reviewer of articles for Newsweek, and a graduate of Louisiana State University. On August 25, 2004, the same court issued a perma-

nent injunction enjoining Gleason and his sales associates from selling the Tax Toolbox. The court found that Gleason made false statements about deductions that can be derived from a home-based business, in that while promoting the Tax Toolbox, Gleason made false statements that personal expenses, including travel, meals, golf, cars, medical expenses, children's allowances, and everyday household expenses could be deducted as business expenses. The Tax Toolbox materials also made false statements that a taxpayer could make family's medical expenses 100% deductible by filling out employment agreements with spouses and children and that a taxpayer may deduct the wages paid to children by entering into promissory agreements. On December 29, 2005, the Sixth Circuit issued its opinion, which affirmed the district court's order. *United States v. Gleason,* 432 F.3d 678 (6th Cir. 2005).

Anderson purchased a Tax Toolbox affiliate membership in June of 2001. From July 31, 2001 through April 18, 2003, Anderson sold 81 Tax Toolboxes. Anderson holds a Bachelor of Science degree in Aerospace Engineering and has completed thirty hours of graduate level coursework in Engineering Mechanics. Anderson has held an engineering position at Bell Helicopter Textron, and sales positions at Instrom Corporation, Harris Computer Systems, BBN Advanced Computer Systems, PictureTel Corporation, and Southwest Network Services. Anderson held account executive or manager positions at VTel Corporation, Cisco Systems, and ViewTech and held sales and information technology positions at Daou Systems and VHA Inc. Anderson testified that he did not consider himself an expert in the tax field, but that he had read several publications on tax, revenue rulings, sections from the Internal Revenue Code and

had visited the Internal Revenue Service's website. Anderson also testified that he understood that the IRS's rules pertaining to the deductibility of business expenses are fairly complex.

Anderson provided a document to his customers, which stated:

### WE GUARANTEE THAT YOU ARE OVERPAYING YOUR TAXES.

**THESE ARE A FEW DEDUCTIONS THAT YOU COULD BE TAKING:**

–100% of ALL your family's medical, dental, vision, weight loss, chiropractic care (including deductibles, co-pays, and mileage to and from the doctor's office)

-All expenses for children: Allowances, clothing, Nikes, school supplies, lessons, college education and weddings . . .

-Travel and vacation expenses (incl. Clothes, dry cleaning, hair cuts, etc.) . . .

-Home entertainment (entertaining friends, relatives, etc.) . . .

-Boat, motor home, airplane

Defendant's Exh. 17. The publication goes on to ask:

**"DO YOU KNOW:**

-How to easily audit proof your records? . . .

-How to *legally and ethically* write off almost ALL of your life's expenses thanks to the IRS and Congress? *These laws are not loopholes or gray areas!* . . .

-That you can have protection against an audit and the IRS?"

*Id.* The document directs customers to contact Harry Anderson for more information.

Anderson testified that he used the system by employing his seven-year-old son in his business. After paying his son approximately $4,000.00 in salary, his son "elected" to loan the money back to Anderson for payment of his son's private school tuition. While Anderson stood steadfast behind the employment of children, deducting their salaries as business expenses, then using those salaries to pay for private school tuition, college education and weddings, Anderson attempts to distance himself from other statements in the materials provided to customers. For example, when questioned about the statement that an individual could legally and ethically write off almost ALL of his life's expenses, Anderson stated that life expenses really meant business expenses and that the language was not misleading, but provocative. Anderson also testified that through documentation, personal expenses can be considered business expenses.

Anderson testified that prior to selling the Tax Toolbox, he did not get an outside opinion from a CPA about the accuracy of the statements made in the Tax Toolbox and did not obtain the advice of an outside tax attorney on the legality of the assertions made in the Tax Toolbox. Anderson relied on advice from individuals within the Tax Toolbox organization, including Gleason and Anderson's "tax coach" Mr. Gribosky. Anderson testified at his deposition that he had talked to a "a couple of other CPA's" about the Tax Toolbox. He could not recall one of the individual's names, but did state that he recalled talking to Paula Hall, a CPA. Anderson stated that he did not give a copy of the Tax Toolbox to Paula Hall, but she looked through it. When questioned further, Anderson testified that Paula Hall looked through the Tax Toolbox when Anderson was trying to recruit the firm for which she worked to be a local site for the Tax Toolbox. Anderson stated that Hall's firm looked at the Tax Toolbox and did not have a prob-

lem with it, but determined it would not be a Tax Toolbox franchise. Anderson never obtained an official opinion, statement or any documentation from the firm or Hall about the validity or legality of the Tax Toolbox.

In May of 2002, Anderson attended a seminar at the Wyndham Hotel in Arlington, Texas at which Gleason spoke. Members of the Internal Revenue Service stationed themselves outside the conference room where the seminar was being conducted and handed out pamphlets regarding the validity of the deductions being advocated by the Tax Toolbox. When asked about the pamphlets by a member of the audience, Gleason told the attendee that the pamphlet was based on old information. Anderson testified that he looked at the pamphlet, but surmised that the IRS was simply trying to limit the use of the legitimate deductions being advocated by the Tax Toolbox.

### Summary Judgment Standard

The party moving for summary judgment under Fed.R.Civ.P. 56 has the initial burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Movant may show that the undisputed material facts affirmatively establish a right to judgment. Alternatively, movant may establish that the other party has the burden of proof at trial, and has failed to "make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993), (quoting *Cel-*

*otex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

In order to avoid summary judgment, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356. Fed. R.Civ.P. 56 requires that the nonmoving party set forth specific facts showing that there is a genuine issue for trial.[1] *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Only a genuine dispute over a material fact (a fact which might affect the outcome of the suit under the governing substantive law) will preclude summary judgment. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party on the issue. *Id.* If the factual context renders a claim implausible (for example if the claim simply makes no economic sense) nonmovants "must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

Fed.R.Civ.P. 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. However, the court is not going to "sift through the

---

1. Local Rule CV–56(b) states that a party's response to a summary judgment motion should "be supported by appropriate citations to proper summary judgment evidence...." The Court will not "scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact for trial before entering summary judgment." Local Rule CV–56(c).

record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir.1996) (citations omitted). All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be resolved in its favor. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, only *reasonable* inferences in favor of the non-moving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468, 112 S.Ct. 2072, 2083, 119 L.Ed.2d 265 (1992).

## Discussion

Anderson filed this lawsuit seeking a determination that his conduct is not subject to penalty under 26 U.S.C. § 6700. The IRS argues that it is entitled to summary judgment on Anderson's claim and on its counterclaim which alleges that Anderson is in fact liable for penalties under section 6700. A person is subject to a penalty under 26 U.S.C. § 6700 when "(1) he organized or participated in the sale of an entity, plan, or arrangement, (2) he made false or fraudulent statements regarding specified tax matters, including deductions, in connection with that organization or sale, (3) he knew or had reason to know that his statements were false or fraudulent, and (4) the statements pertained to a material matter."[2] *United States v. Gleason*, 432 F.3d 678, 682 (6th Cir.2005) (citing *United States v. Estate*

*Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000)).

■ As an initial matter, the Court addresses Anderson's statement that the IRS's motion for summary judgment is based on an unsworn affidavit. The Court agrees that the Declaration of Michael Pahl is not a proper declaration because it was not made under penalty of perjury; nonetheless, the depositions and interrogatories are proper summary judgment evidence. Federal Rule of Civil Procedure 56(c) states that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." No requirement exists in Rule 56 that summary judgment evidence in the form of depositions and interrogatories be supported by a sworn affidavit. The Court also notes that the IRS's additional evidence consists of cases that need not be submitted as evidence and exhibits to Anderson's deposition that were properly authenticated by Anderson during his deposition.

## *Participated in the Sale of an Entity, Plan or Arrangement*

■ Anderson does not dispute that he sold eighty-one Tax Toolboxes from 2001 through 2003. In *Gleason*, the Sixth Circuit determined that the Tax Toolbox is an

---

**2.** Section 6700 provides in pertinent part:
 (a) Imposition of penalty. Any person who-
 (1)(A) organizes (or assists in the organization of)-
 (i) a partnership or other entity,
 (ii) any investment plan or arrangement, or
 (iii) any other plan or arrangement, or
 (B) participates (directly or indirectly) in the sale of any interest in an entity or plan or arrangement referred to in subparagraph (A), and

 (2) makes or furnishes or causes another person to make or furnish (in connection with such organization or sale)-
 (A) a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement which the person knows or has reason to know is false or fraudulent as to any material matter . . .

" 'entity, plan or arrangement' within the meaning of section 6700(a)(1)(A)." *Gleason*, 432 F.3d at 682. Accordingly, the first element under section 6700 is met.

### False or Fraudulent Statements Involving Tax Matters in Connection with the Sale

 Anderson made false statements about the deductions that can be taken in a home-based business from the use of the Tax Toolbox. Anderson's statements that 100% of all a customer's family's medical, dental, vision, weight loss, chiropractic care, allowances, clothing, Nikes, school supplies, lessons, college education and weddings can be deducted as a business expense were not properly qualified by stating that those expenses must be "ordinary and necessary to the business." 26 U.S.C. § 162(a) (2005); *Commissioner v. Groetzinger*, 480 U.S. 23, 27–36, 107 S.Ct. 980, 94 L.Ed.2d 25 (1987). Further, Anderson should have conveyed that "personal consumption expenditures must be 'inextricably linked to the production of income.'" *Id.* (quoting *U.S. v. Buttorff*, 761 F.2d 1056, 1060 (5th Cir.1985)); *see also Kasun v. United States*, 671 F.2d 1059, 1061–63 (7th Cir.1982)(disallowing deduction of commuting expense). The Sixth Circuit also pointed out in *Gleason* that customers should have been apprised that deducting wages and medical expenses of family members through the execution of employment contracts with them "is subject to close scrutiny and has been rejected in similar abusive tax shelter cases." *Gleason*, 432 F.3d at 683 (citing *Haeder v. Commissioner*, T.C. Memo 2001–7, 2001 WL 40100, 2001 Tax Ct. Memo LEXIS 6, 881 T.C.M. (CCH) 987 (2001)). Further claims that the Tax Toolbox could "audit proof" a customers records are misleading. *Id.* "[N]o tax arrangement is immune from IRS scrutiny." *Id.* Anderson's argument that the IRS allowed such deductions in his 2001 income tax return is not persuasive. The decision stipulating that Anderson had no income tax deficiency due from 2001 also specifically stated that the settlement of Anderson's case had no impact on his liability for penalties under section 6700. Accordingly, the second element under section 6700 is met in this case.

### Anderson Knew or Had Reason to Know his Statements were False or Fraudulent

 In determining whether a person knew or had reason to know his statements were false or fraudulent, the court should consider the following factors: "(1) the extent of the defendant's reliance upon knowledgeable professionals; (2) the defendant's level of sophistication and education; and (3) the defendant's familiarity with tax matters." *Estate Pres. Servs.*, 202 F.3d at 1103. The individuals upon whom Anderson relied almost exclusively for advice regarding the Tax Toolbox had a financial stake in the Tax Toolbox. Anderson placed special reliance on Gleason, who incidentally fabricated all of his own credentials. Anderson does state that he showed the Tax Toolbox to two other people, one of whom he could not remember. Anderson did recall the name of Paula Hall as an individual to whom he showed the Tax Toolbox; however, Hall simply looked at the Tax Toolbox and was not given one. Anderson only showed the Tax Toolbox to her in his efforts to solicit her firm to be a Tax Toolbox franchise. Hall's firm rejected Anderson's offer. It is obvious from his testimony that Anderson did not approach Hall or her firm with the intention of obtaining their professional opinion on the validity of the Tax Toolbox and did not obtain an official opinion from them.

Anderson holds a Bachelor of Science degree in Aerospace Engineering and has completed thirty hours of graduate level course work in Engineering Mechanics. He has worked as an engineer, a salesman, an account executive and in information technology positions at several major corporations. Anderson testified that he has read various materials on taxation, including revenue rulings, cases and portions of the Internal Revenue Code. Further, Anderson testified that he saw a pamphlet that the IRS handed out to customers at a Tax Toolbox seminar that warned people about the problems with plans such as the Tax Toolbox. Anderson's testimony demonstrates that he was familiar with the complexity of business deductions under the Internal Revenue Code.

No IRS publication would approve the types of deductions advocated by Anderson in his sale of the Tax Toolbox. Anderson's attempts to characterize statements made in the Tax Toolbox as merely provocative also suggests that he knew the assertions were in fact false. In his affidavit submitted in support of his response to the motion for summary judgment, Anderson states that he did not knowingly make a false or fraudulent statement as to a material matter regarding his sales of the Tax Toolbox. This statement is simply a self-serving legal conclusion and is not sufficient to create a genuine issue of material fact. There is no way that a person with Anderson's education and business experience could reasonably believe that the deductions advocated or taken by Anderson, such as those for weddings, all the medical expenses of a family, including the commute to and from the doctor, and a salary paid to his seven-year-old son, which was loaned back to Anderson to pay for private school, would be legal. Accordingly, no issue of material fact exists as to whether Anderson knew or should have known that his statements were false, and

the third element under section 6700 is met.

### The Statements Pertained to a Material Matters

■ A statement is material for purposes of section 6700 if the statement "would have a substantial impact on the decision-making process of a reasonably prudent investor." *United States v. Campbell,* 704 F.Supp. 715, 728 (N.D.Tex. 1988) (citing Senate Report No. 97–494, 97th Cong., 2d Sess. at 267 ( [1982] 2 U.S.Code Cong. and Ad. News at 1015)). Material matters include matters relevant to the availability of a tax benefit. *United States v. Campbell,* 897 F.2d 1317, 1320 (5th Cir.1990). Anderson's false statements regarding deductions were relevant to the availability of tax benefits and would certainly induce a reasonably prudent investor to purchase the Tax Toolbox in order to take advantage of the array of deductions advertised by Anderson. *Gleason,* 432 F.3d at 683. Accordingly, the fourth element of section 6700 is met.

### Conclusion

No genuine issues of material fact exist as to each of the elements for finding an individual liable for penalties under Title 26 United States Code § 6700. Anderson may claim that, in his opinion, the Tax Toolbox scheme was legal, but that is not the test. Therefore, partial summary judgment is **GRANTED** that Plaintiff Harry F. Anderson is liable for penalties under Title 26 U.S.C. § 6700. However, since the IRS did not choose to make a request for an actual amount of the judgment, nor provide evidence of the calculations of the amount, final judgment cannot be entered.