T.C. Summary Opinion 2011-2

UNITED STATES TAX COURT

MARTIN AND MARINA BARAJAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13954-09S.                    Filed January 5, 2011.

Martin and Marina Barajas, pro sese.

<u>Andrew R. Moore</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $6,975 deficiency in petitioners' Federal income tax as well as a $1,395 accuracy-related penalty under section 6662(a) for 2006. After concessions, the issues for decision are: (1) Whether petitioner husband is entitled to a deduction of $22,460 for business use of his two personal vehicles; and (2) whether petitioners are liable for an accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in California at the time the petition was filed. Petitioner wife worked for the Federal Government during 2006, and her income and deductions are not at issue.

In 2006 as he had for many years before, petitioner husband (petitioner) used his knowledge of music industry production and his creative talents as a songwriter, photographer, and design artist to serve as a self-employed music producer. He operated his business under the name Discos Barajas. Petitioner would meet with a music group or band (group) and, depending on the group's needs, he would negotiate one of various types of multiyear contracts or licensing agreements. In main part,

petitioner would agree to produce the group's music compact discs (CDs) and/or their digital video discs (DVDs) (collectively CDs). Petitioner was also available to help with lyrics, to compose photographs, and to create artwork for the group's posters, business cards, and CDs. Once a group finished recording 10 to 20 songs and had decided on the final artwork, petitioner would subcontract with manufacturers to produce the posters, business cards, and CDs. The agreements generally called for petitioner to produce one or two CDs for a group for each year of the agreement.

In one typical arrangement petitioner would arrange the production of, and give the group an agreed number of, completed CDs, business cards, and posters, for example, in quantities of 1,000, 500, and 2,000, respectively. The group was free to sell these items for their own profit or to give them away as promotional materials. Petitioner was likewise entitled to attempt to sell for his own profit the overproduction he had ordered. On Saturdays and Sundays petitioner would attend flea markets and swap meets where he would offer the CDs for sale. Petitioner maintained a permanent booth at a flea market in Folsom, California, but he also traveled to Galt, Lodi, and Marysville, California, all within an hour's drive of Sacramento, California. Petitioner resided in Sacramento with petitioner wife and their three minor children. He sold CDs from groups

whose music he produced as well as from other artists. Petitioner principally worked with Spanish-language Latin American music artists, but he also contracted with groups recording Cambodian, Korean, and Vietnamese music. During 2006 he entered into agreements or was under continuing contract with about 28 groups.

Petitioner made most of his business telephone calls, faxes, and emails from an office in his home, where he also kept his records. He stored his inventory in a structure in his backyard. On occasion, petitioner would meet with a group in the Sacramento area or at his home.

Petitioner also met with groups in Los Angeles. Most of the music CD manufacturers and recording studios with whom petitioner conducted business maintained their facilities in Los Angeles. These connections caused petitioner to drive one of his two personal vehicles, a 2001 Lincoln or a 1999 Suburban, to Los Angeles during almost every week, specifically 48 round trips in 2006. Petitioner almost always drove to Los Angeles on a Tuesday or Wednesday, worked 1 or 2 days in the city, and then drove home to Sacramento on Thursday or Friday. Petitioner spent a total of 116 days in Los Angeles during 2006. Each round trip, including mileage within Los Angeles, totaled approximately 830 miles.

Petitioner usually stayed at a Motel 6 or at the Pueblo Motel, which were centrally located to his business contacts.

During 2006 petitioner paid almost all of his travel expenses in cash. The Court received into evidence copies of petitioner's bank statements for 2006 showing numerous gas purchases and automated teller machine (ATM) withdrawals in the Los Angeles area and along the route.

To prepare the couple's 2006 Federal income tax return, petitioner engaged Judy Shorten, an enrolled agent in Sacramento. She had served as their preparer for more than 10 years and had been in practice for about 25 years. Petitioner reported his business activity on Schedule C, Profit or Loss From Business. He reported gross receipts of $152,061 and a net profit of $8,757. Pertinent here, among the business expenses, petitioner deducted car and truck expenses of $22,460, overnight lodging expenses of $7,735, and business meal expenses of $2,256. Petitioner computed his vehicle expense deduction using the 2006 Internal Revenue Service standard mileage rate of 44.5 cents per mile. He multiplied the rate times 50,472 business miles.

Respondent selected petitioners' 2006 Federal income tax return for examination. Respondent determined that Los Angeles, not Sacramento, was petitioner's tax home.[1] Consequently, in a

---

[1]Sec. 162(a)(2) permits a deduction for traveling expenses that a taxpayer incurs "while away from home" in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946); Nicholls v. Commissioner, T.C. Memo. 1995-291. This Court holds as a general rule that "home" as sec. 162(a)(2) applies the term means the vicinity of the taxpayer's principal
(continued...)

notice of determination, respondent made the following three adjustments: (1) Disallowed $15,891 of petitioner's $22,460 car and truck expense deduction; (2) disallowed all of petitioner's $7,735 deduction for overnight lodging expenses; and (3) disallowed all of petitioner's $2,256 deduction for business meal expenses. Respondent's allowance of $6,569 ($22,460 minus $15,891) for car and truck expenses consisted of petitioner's business mileage around the Sacramento area and within the Los Angeles area, but not his mileage to and from Los Angeles. Respondent listed two reasons for the disallowances: Petitioner lacked substantiation, and petitioner did not incur the expenses while "away from home".

The sum of respondent's adjustments caused computational adjustments to the couple's child care credits and to petitioner's self-employment tax, resulting in a total deficiency of $6,975. Respondent also determined a 20-percent accuracy-related penalty of $1,395.

Petitioner and his enrolled agent, Ms. Shorten, testified at trial. Near the end of trial, respondent conceded that

---

[1](...continued)
place of employment and not the location of his personal residence. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Daly v. Commissioner, 72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th Cir. 1981); Foote v. Commissioner, 67 T.C. 1, 4 (1976); Nicholls v. Commissioner, supra; Wheeler v. Commissioner, T.C. Memo. 1984-502, affd. without published opinion 791 F.2d 168 (9th Cir. 1986).

Sacramento, not Los Angeles, was petitioner's tax home. Respondent further conceded that petitioner was entitled to all of the $2,256 business meal expense deduction that he had claimed.

Regarding overnight lodging, petitioner was able to produce receipts totaling only $798.70 of the $7,735 lodging expense deduction. Petitioner conceded that he is entitled to a deduction of only $798.70, and respondent allowed that amount.

With respect to business mileage, the Court received into evidence a copy of a contemporaneous mileage log that petitioner maintained detailing his vehicle use for 2006. The log showed the dates, destinations, business contacts, and mileage for his business travel. The Court also received into evidence copies of manufacturer invoices, petitioner's canceled checks, and other supporting evidence corroborating a business purpose for 37 of the 48 trips to Los Angeles. As of the close of the record, the parties were still unable to agree on petitioner's deductible business mileage. Furthermore, the 20-percent accuracy-related penalty is still in dispute.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions

are a matter of legislative grace.  <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  A taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>Welch v. Helvering</u>, <u>supra</u> at 115; <u>Wilson v. Commissioner</u>, T.C. Memo. 2001-139.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the substantiation and recordkeeping requirements.  See sec. 7491(a)(2)(A) and (B).  Petitioner therefore bears the burden of proof.  See Rule 142(a).

I.  <u>Petitioner's Deduction for Business Use of Personal Vehicles</u>

A taxpayer is required to maintain records sufficient to substantiate deductions claimed on a Federal income tax return.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  In other words, the taxpayer bears the burden of proving entitlement to the deductions he claimed, and this includes the burden of substantiation.  Rule 142(a); <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  The fact that a taxpayer reports a deduction on an income tax return is not sufficient to substantiate the claimed deduction.  <u>Wilkinson v. Commissioner</u>, 71 T.C. 633, 639 (1979); <u>Roberts v.</u>

Commissioner, 62 T.C. 834, 837 (1974). Rather, an income tax return is merely a statement of the taxpayer's claim; it is not presumed to be correct. Wilkinson v. Commissioner, supra at 639; Roberts v. Commissioner, supra at 837; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the claimed deduction or exclusion); Halle v. Commissioner, 7 T.C. 245 (1946) (a taxpayer's income tax return is not self-proving as to the truth of its contents), affd. 175 F.2d 500 (2d Cir. 1949).

Section 162(a) provides a deduction for certain business-related expenses. To qualify for the deduction under section 162(a), "an item must (1) be 'paid or incurred during the taxable year,' (2) be for 'carrying on any trade or business,' (3) be an 'expense,' (4) be a 'necessary' expense, and (5) be an 'ordinary' expense." Commissioner v. Lincoln Sav. & Loan Association, 403 U.S. 345, 352 (1971); Commissioner v. Flowers, 326 U.S. 465, 470 (1946); Deputy v. du Pont, supra at 495. An ordinary expense is "of common or frequent occurrence in the type of business involved." Deputy v. du Pont, supra at 495. A necessary expense is appropriate and helpful in carrying on the trade or business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Heineman v. Commissioner, 82 T.C. 538, 543 (1984). Under section 262, however, no portion of the cost of operating an

automobile that is attributable to personal use is deductible. Michaels v. Commissioner, 53 T.C. 269, 275 (1969). Similarly, ordinary commuting expenses are not deductible. Commissioner v. Flowers, supra at 472-473; Neal v. Commissioner, 681 F.2d 1157 (9th Cir. 1982), affg. T.C. Memo. 1981-407.

If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the expense, we generally may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, for the Cohan rule to apply, there must be sufficient evidence in the record to provide a basis for the estimate. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Certain expenses may not be estimated under the Cohan rule because of the strict substantiation requirements of section 274(d). See sec. 280F(d)(4)(A); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

The expenses to which section 274(d) applies include, among other types, expenses for listed property (e.g., automobiles, cellular telephones, computer equipment, or any property of a type generally used for purposes of entertainment, recreation, or amusement) and travel expenses (including meals and lodging while away from home). Secs. 274(d)(4), 280F(d)(4)(A). To

substantiate a deduction attributable to listed property, a taxpayer must maintain adequate records or present corroborative evidence to show the following: (1) The amount of the expense; (2) the time and place of use of the listed property; and (3) the business purpose of the use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

A contemporaneous log has a high degree of credibility. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). The log need not duplicate information on receipts so long as the log and receipts complement each other in an orderly manner. Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). If a taxpayer fails to establish to the district director's satisfaction that his records are adequate, then the taxpayer must establish the adequacy by "his own statement" and by "other corroborative evidence". Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Respondent's continuing disallowance of car and truck expenses relating to petitioner's business mileage to and from Los Angeles stems from petitioner's ability to provide supporting documentation for only 37 (or 77 percent) of his 48 trips. Respondent's insistence on 100 percent corroboration of the mileage log, however, contradicts the Secretary's own regulation. A taxpayer may substantiate his consistent pattern of business

use of listed property for the entire year if he can establish by corroborative evidence that the periods for which he has adequate records are representative of the whole year. Sec. 1.274-5T(c)(3)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46021 (Nov. 6, 1985).

The regulation provides three examples to illustrate this point. The first two examples show acceptable support for a log, and the third example shows unacceptable support. Sec. 1.274-5T(c)(3)(ii)(C), Temporary Income Tax Regs., supra. In the first example, the taxpayer maintained adequate records for the first 3 months of the year, and in the second example the taxpayer provided records for the first week of every month. Id. Thus, in the first two examples, the taxpayers had corroborative records for only one-quarter of the year. Nonetheless, because the taxpayers maintained consistent driving patterns throughout the year, their partial substantiation was adequate to corroborate the log for the entire year. The third example illustrates unsatisfactory substantiation. The third taxpayer similarly provided documentation for one-quarter of the year; the last week of every month. Id. The taxpayer's critical failure, however, was that the last week's business use pattern was not reflective of his driving pattern during the rest of the month. Id. Therefore, the taxpayer's partial substantiation was "not representative of use during other periods." Id.

Petitioner's circumstance is far more analogous to the first two positive examples and is highly dissimilar to the third unfavorable example. Petitioner maintained a consistent pattern of business use of his personal vehicles throughout 2006. During almost every week (48 of 52 weeks), petitioner drove to Los Angeles on Tuesday or Wednesday and returned to Sacramento on Thursday or Friday. Petitioner corroborated this consistent pattern with supporting documentation from 77 percent of his trips, not just the 25 percent that even the two successful examples supplied. Petitioner's corroboration included his contemporaneous mileage log, his own testimony, and documentary evidence from ATM withdrawals, gas purchases, subcontractor invoices, and canceled checks. Respondent, on the other hand, did not controvert or even attempt to controvert any of the entries in the log. Respondent gave no reason to question the validity of petitioner's business mileage, and after examining the entire record, we find none.

For all of the foregoing reasons, petitioner has substantiated the business use of his personal vehicles in accordance with the heightened substantiation requirements for listed property under section 274(d)(4). Therefore, petitioner is entitled to a deduction for the full $22,460 of car and truck expenses that he claimed for 2006.

II.  Accuracy-Related Penalty

Taxpayers may be liable for a 20-percent penalty on the portion of an underpayment of tax attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax.  Sec. 6662(a) and (b)(1) and (2).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code, and the term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances.  See Allen v. Commissioner, 92 T.C. 1, 12 (1989), affd. 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985).  Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.  An "understatement of income tax" is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).

The section 6662 accuracy-related penalty does not apply where the taxpayer shows that he acted in good faith and with reasonable cause.  Sec. 6664(c)(1).  The determination of whether a taxpayer acted in good faith and with reasonable cause depends on the facts and circumstances of each case and includes the

knowledge and experience of the taxpayer and the reliance on the advice of a professional, such as an accountant.  Sec. 1.6664-4(b)(1), Income Tax Regs.  For a taxpayer to rely reasonably upon the advice of a tax adviser, the taxpayer must, at a minimum, prove by a preponderance of the evidence that:  (1) The adviser was a competent professional with sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment.  Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002).  Most important in this determination is the extent of the taxpayer's effort to determine the proper tax liability.  Id.; sec. 1.6664-4(b)(1), Income Tax Regs.

The Commissioner has the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662.  To satisfy that burden, the Commissioner must produce sufficient evidence showing that it is appropriate to impose the penalty.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Respondent has satisfied his burden by producing evidence that petitioner substantiated only $798.70 of his $7,735 deduction for overnight lodging expenses.  Accordingly, because respondent has met his burden of production, petitioner must come forward with persuasive evidence that the accuracy-related penalty should not be imposed with respect to the portion of the

underpayment attributable to the overnight lodging expenses because he acted with reasonable cause and in good faith.  See sec. 6664(c)(1); Rule 142(a); Higbee v. Commissioner, supra at 446.

Petitioner engaged Ms. Shorten, an enrolled agent, to prepare his 2006 Federal income tax return.  Ms. Shorten had been petitioner's preparer for 10 years, and she had been in practice for 25 years.  Respondent did not dispute the competency of Ms. Shorten.  Petitioner provided Ms. Shorten with the necessary and accurate information to prepare his return, and Ms. Shorten determined that petitioner's information was sufficient to support a deduction of $7,735 for overnight lodging expenses. Petitioner's deduction for lodging expenses, even though he did not keep most of the motel receipts, appears to be a reasonable amount.  A $7,735 expense divided by 116 days in Los Angeles equals an average cost, including tax, of $67 per night, a credible figure for Los Angeles.  Furthermore, petitioner, though hardworking, apparently had no formal training in taxation and worked in an unrelated field, music production.  Therefore, he relied on Ms. Shorten's judgment for accurately reporting his overnight lodging expenses.  In other words, petitioner has met each of the requirements for good faith reliance on a competent professional.

Moreover, respondent did not challenge the reporting of any of petitioner wife's income or deductions.  Further, respondent has conceded or we have already decided that petitioner accurately reported all of his other business expense deductions for 2006.  Consequently, on the basis of the entire record before us, we conclude that petitioners acted in good faith and with reasonable cause and made a good faith effort to determine their proper tax liability.  Accordingly, we do not sustain respondent's determination that the section 6662 accuracy-related penalty applies for 2006.

To reflect the foregoing,

Decision will be entered
under Rule 155.