# United States Tax Court

T.C. Summary Opinion 2023-19

JOSEPH MICHAEL LEDBETTER AND
ASHLEY JONES LEDBETTER,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 6069-19S.                    Filed May 25, 2023.

————

Joseph Michael Ledbetter and Ashley Jones Ledbetter, pro sese.

*Zachary T. King* and *Jerrika C. Anderson*, for respondent.

SUMMARY OPINION

PARIS, *Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

By notice of deficiency dated February 6, 2019, respondent determined deficiencies in federal income tax of $4,008 and $5,638 for petitioners' 2015 and 2016 tax years, respectively. The issue for decision is whether petitioners are entitled to deduct unreimbursed mileage

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

expenses of $23,855 and $22,539 reported on Schedule A, Itemized Deductions, of their 2015 and 2016 tax returns, respectively.

*Background*

I.     *Petitioners' Background and Employment*

Petitioners are husband and wife who filed joint federal income tax returns for their 2015 and 2016 tax years (years at issue). They resided in Alabama when they filed the Petition.

Mr. Ledbetter is a union craft sheet metal worker and has worked in the sheet metal trade since approximately 2000. He has been a member of the local sheet metal workers union since entering the trade and, as a member, receives all of his work assignments through the union.

During the years at issue he was employed as a head foreman[2] by Day & Zimmerman, NPS, a government contractor for the Tennessee Valley Authority (TVA) Browns Ferry Nuclear Plant, near Athens, Alabama. Day & Zimmerman did not hire sheet metal workers on a permanent basis. Rather, the length of employment varied with the size of the project and the availability of funds.

In his line of work, Mr. Ledbetter would experience two types of work stoppages: layoffs and furloughs. A furlough typically involved a short-term work stoppage during a period without funding. The worker would remain employed by the contractor and could claim unemployment benefits but could not seek other sheet metal work. When funding became available again, the worker would resume under the same arrangement as before. During a layoff the worker was no longer employed by the contractor and was permitted to seek other union sheet metal work.

Mr. Ledbetter was first assigned to the Browns Ferry Nuclear Plant in 2005 while employed by a different contractor. He was laid off from the plant later that year, then worked there again for approximately six months during 2007. From 2012 through 2019 Mr. Ledbetter worked at the Browns Ferry Nuclear Plant as an employee of

---

[2] The evidence variously refers to Mr. Ledbetter's position as "head foreman," "general foreman," and "lead foreman." These titles all refer to the same position, a role which involved both supervising other workers and working on the line.

Day & Zimmerman, NPS. During that period Mr. Ledbetter experienced no work stoppage that lasted longer than four months.

During the years at issue Mr. Ledbetter resided in Attalla, Alabama, and drove to and from work at the Browns Ferry Nuclear Plant each day he worked. The round-trip distance between his personal residence and the plant was 184.2 miles. In 2015 he worked a total of 235 days, and in 2016 he worked 252 days. During either year the longest break between workdays was 9 days. Mr. Ledbetter was not reimbursed for the cost of driving from his residence to the plant during the years at issue.

II.    *Tax Return and Examination*

On their timely filed 2015 joint income tax return, petitioners reported adjusted gross income of $102,486 and claimed itemized deductions totaling $39,275 and exemptions totaling $8,000. On Schedule A they reported, among other items, taxes paid totaling $4,454, including real estate taxes of $158, and unreimbursed employee expenses totaling $32,918 (before application of the 2% floor of section 67(a)), including vehicle expenses of $26,344. On Form 2106–EZ, Unreimbursed Employee Business Expenses, petitioners calculated the vehicle expenses using business mileage of 45,816. The reported business miles included Mr. Ledbetter's drive to and from the Browns Ferry Nuclear Plant each day, as well as miles that he drove at the worksite. Petitioners reported taxable income of $55,211 and total tax of $7,361.

On their timely filed 2016 joint income tax return, petitioners reported adjusted gross income of $120,992 and claimed itemized deductions totaling $36,014 and exemptions totaling $8,100. On Schedule A they reported, among other items, unreimbursed employee expenses totaling $31,945 (before application of the 2% floor of section 67(a)), including vehicle expenses of $24,443. On Form 2106–EZ, petitioners calculated the vehicle expenses using business mileage of 45,264. The reported business miles again included Mr. Ledbetter's drive to and from the Browns Ferry Nuclear Plant, as well as miles driven on site. Petitioners reported taxable income of $76,878, claimed a residential energy credit of $200, and reported total tax of $10,561.

Respondent examined petitioners' returns and disallowed $23,902 and $22,539 of the reported mileage expenses for 2015 and 2016, respectively. Respondent allowed the portions of the mileage

expenses related to Mr. Ledbetter's onsite miles but disallowed the portion attributable to his transportation to and from the Browns Ferry Nuclear Plant. Respondent issued the Notice of Deficiency, and petitioners timely petitioned this Court for redetermination.[3]

## *Discussion*

### I.  *Burden of Proof*

The Commissioner's determination set forth in a notice of deficiency is presumed correct, and taxpayers bear the burden of proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[4] Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to any deduction claimed. *See* Rule 142(a); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

Section 274(d) prescribes more stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including expenses with respect to listed property as defined by section 280F(d)(4), which includes passenger automobiles. *See Sanford v. Commissioner*, 50 T.C. 823, 827 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969). To meet the heightened substantiation requirements, taxpayers must substantiate by adequate records or by sufficient evidence corroborating their own statements (1) the amount of the expense, (2) the time and place of the expense or use of listed property, (3) the business purpose of the expense or use, and (4) the business relationship. § 274(d). Petitioners provided excellent records

---

[3] Respondent also disallowed $47 of petitioners' deduction for a qualified mortgage insurance premium for 2015. This adjustment is computational, and the Court will not further address it. On brief, respondent additionally asserts that petitioners' entitlement to the residential energy credit for 2016 is at issue. Respondent's assertion appears to be based on a misreading of the Notice of Deficiency; the credit was not disallowed. To the extent respondent seeks to increase the deficiency by disallowing the claimed credit, this issue represents a new matter raised for the first time on brief, and the Court will not consider it. *See, e.g.*, *Suriel v. Commissioner*, 141 T.C. 507, 532 (2013); *Alta V. Ltd. P'ship v. Commissioner*, T.C. Memo. 2020-8, at *38.

[4] Pursuant to section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issues relevant to ascertaining the taxpayer's tax liability. The Court concludes that section 7491(a) does not apply because petitioners have not produced any evidence that they have satisfied the preconditions for its application.

detailing Mr. Ledbetter's daily travel, including times, locations, and business purpose.

II. *Legal Principles*

Section 162(a) allows a deduction for "ordinary and necessary expenses paid or incurred . . . in carrying on any trade or business." Performing services as an employee may constitute a "trade or business." *See Primuth v. Commissioner*, 54 T.C. 374, 377 (1970); *Ayria v. Commissioner*, T.C. Memo. 2022-123, at *4. Generally, taxpayers may deduct unreimbursed employee expenses as ordinary and necessary business expenses under section 162. *Lucas v. Commissioner*, 79 T.C. 1, 6 (1982).

The deduction for unreimbursed employee expenses is a miscellaneous itemized deduction. §§ 67(b), 63(d)(1), 62. Miscellaneous itemized deductions are allowed only to the extent that, in the aggregate, they exceed 2% of adjusted gross income.[5] § 67(a).

Taxpayers may deduct vehicle mileage expenses that are substantiated by adequate records or sufficient evidence. §§ 274(d)(4), 280F(d)(4)(A)(i) and (ii). Commuting expenses, however, are generally nondeductible personal expenses, regardless of the distances involved. *See Fausner v. Commissioner*, 413 U.S. 838, 839 (1973); *Commissioner v. Flowers*, 326 U.S. 465, 473–74 (1946); Treas. Reg. § 1.162-2(e).

There are three exceptions to the general rule that commuting expenses are nondeductible. *See Bogue v. Commissioner*, T.C. Memo. 2011-164, *aff'd*, 522 F. App'x 169 (3d Cir. 2013). The first exception is that expenses incurred traveling between a taxpayer's residence and a place of business are deductible if the residence is the taxpayer's principal place of business. *Id.* Petitioners do not argue and the evidence does not show that petitioners' residence was Mr. Ledbetter's principal place of business. This exception is inapplicable in the present case.

The remaining two exceptions apply where, as petitioners argue here, the commuting involves a temporary work location. *See Bogue*, T.C. Memo. 2011-164, slip op. at 14–15. One exception permits a taxpayer to deduct transportation expenses incurred in going between the taxpayer's residence and a temporary work location outside the

_____

[5] The Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, § 11045, 131 Stat. 2054, 2088, amended section 67 by suspending miscellaneous itemized deductions for any taxable year beginning after December 31, 2017, and before January 1, 2026.

metropolitan area where the taxpayer normally lives and works. *See Gorokhovsky v. Commissioner*, T.C. Memo. 2013-65; *Bogue*, T.C. Memo. 2011-164, slip op. at 15; Rev. Rul. 99-7, 1999-1 C.B. 361. The final exception is that travel expenses between a taxpayer's residence and temporary work locations, regardless of the distance, are deductible if the taxpayer also has one or more regular work locations away from the taxpayer's residence. *See Bogue*, T.C. Memo. 2011-164, slip op. at 15.

A work location is temporary if it is realistically expected to last (and does in fact last) for one year or less. *See* § 162(a) (flush language) ("For purposes of [section 162(a)] paragraph (2), the taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year."); *see also Bogue*, T.C. Memo. 2011-164, slip op. at 24–25; Rev. Rul. 99-7. Work is temporary only if it can be expected to end within a short time. *Norwood v. Commissioner*, 66 T.C. 467, 469 (1976). In contrast a work location is not temporary if it is a location at which the taxpayer works or performs services regularly. *Bogue*, T.C. Memo. 2011-164, slip op. at 30. A work location is either a regular work location or a temporary work location; it cannot be both at the same time. *Id.* If the taxpayer realistically expects employment at the work location to last for one year or less, and if the employment at the location actually does last for less than one year, the employment is considered temporary in the absence of facts indicating otherwise. *See* Rev. Rul. 99-7.

The fact that employment lacks permanence does not make that employment temporary. *Hicks v. Commissioner*, T.C. Memo. 1986-255. Rather, employment is considered "indefinite" unless termination is actually foreseeable within a short time. *Michel v. Commissioner*, 629 F.2d 1071 (5th Cir. 1980), *aff'g* T.C. Memo. 1977-345; *Hicks*, T.C. Memo. 1986-255. Whether employment is temporary or indefinite is a question of fact. *Kasun v. United States*, 671 F.2d 1059, 1061 (7th Cir. 1982). Brief interruptions of work at a particular location do not, standing alone, cause employment which would otherwise be indefinite to become temporary. *Blatnick v. Commissioner*, 56 T.C. 1344, 1348 (1971). Employment that is temporary may become indefinite through the passage of time if the employment extends beyond the short term. *Kasun*, 671 F.2d at 1061; *see also* Rev. Rul. 99-7.

III.   *Analysis*

Petitioners argue that they are entitled to deduct the claimed mileage expenses because Mr. Ledbetter's employment at the Browns

Ferry Nuclear Plant was a temporary assignment to a location outside of his metropolitan area. Petitioners rely primarily on the fact that work assignments from the union were indefinite in duration, contingent on the availability of funding, and prone to work stoppages. In support of their position, petitioners provided a copy of Mr. Ledbetter's Temporary Employment Agreement with Day & Zimmerman, NPS, as well as a letter from Day & Zimmerman, NPS, stating that "[a]ll contract work is considered temporary assignments."

While it is true that Mr. Ledbetter's work assignments were indefinite in length, it cannot be said that his employment at the Browns Ferry Nuclear Plant was "temporary" as that term is defined by the caselaw. Mr. Ledbetter was continuously employed at the Browns Ferry Nuclear Plant from 2012 until 2019, albeit with different contractors. From 2012 through 2019 he faced no period of layoff exceeding four months. During the years at issue specifically, Mr. Ledbetter worked 235 days in 2015 and 252 days during 2016. The longest break between workdays during either of those years was 9 days. Mr. Ledbetter's employment at the Browns Ferry Nuclear Plant was consistent throughout the years at issue, and at no point during 2014 through 2016 was Mr. Ledbetter not employed at the plant.

The nature or title of the contracts between Day & Zimmerman, NPS, or other contractors and the TVA does not change the Court's factual analysis. Work in the construction industry is, by its very nature, impermanent, and workers often move from job to job or seek employment at some distance from their homes. *Kasun*, 671 F.2d at 1062. Nevertheless, the Court applies the same standard as in other industries in determining whether employment is temporary. *Id.*

Mr. Ledbetter was employed by five separate contractors during his time at the Browns Ferry Nuclear Plant, and the employers' contracts with the TVA varied in duration. Nevertheless, Mr. Ledbetter was consistently employed without layoff at that location from 2014 through 2016 and, during the years at issue, had no substantial break in his employment. The Court therefore concludes that Mr. Ledbetter's employment at the Browns Ferry Nuclear Plant was indefinite and not temporary.

Because Mr. Ledbetter's employment at the Browns Ferry Nuclear Plant was not "temporary," his vehicle expenses constitute nondeductible commuting expenses.

The Court has considered all of the arguments made by the parties, and to the extent they are not addressed herein, they are considered moot, irrelevant, or otherwise without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*